ORFINGER, M., Senior Judge.
D.L. appeals from an adjudication of delinquency and from an order denying his motion to withdraw his guilty plea, which, motion asserted, among other grounds, that the plea was uncounseled. We reverse.
At arraignment, the court addressed all those assembled, and as part of the colloquy, advised that:
There are two forms of plea that are acceptable here. There’s a plea of guilty and a plea of not guilty. If you enter a plea of guilty, that tells me that you admit the charge that the State has filed against you, and that you wish to resolve the matter here this morning. If you enter a plea of not guilty, that tells me you deny the charge and that you wish to have a trial on the matter.
íj* % ❖ #
You have the right to have a lawyer represent you in defending you against this charge. And if you cannot afford a lawyer, you have the right to request that the Court consider the appointment of a Public Defender. If you are thinking of pleading not guilty here this morning and requesting the appointment of a Public Defender, you, your parent or guardian should have received from the court deputy before I came out, a financial affidavit. You should have filled it out, and when your case is called, hand that financial affidavit to me, I’ll review it, and determine whether or not you qualify for the appointment of a Public Defender.
:h * * * *
If you are thinking about pleading guilty here this morning, you need to be aware that in entering the plea of guilty, you are telling me certain things, and I will outline for you what it is that you will be telling me if you enter the plea of guilty. If you enter the plea of guilty, you will be telling me that you understand the charge. You’ll be telling me that you admit the charge. You’ll be telling me that you wish to give up your right to have a trial. That you wish to give up your right to have a lawyer represent you here today. That you wish to give up your right to appeal the facts of this case unless you’ve specifically reserved your right to appeal a pretrial matter. That you are entering this plea freely and voluntarily. That no one has forced you, coerced you, or made you any promises in order to get you to enter this plea. That you are entering the plea in order to resolve this matter here this morning.
When appellant’s case was called, he entered pleas of guilty to two counts and not guilty to a third.[1] He also acknowledged *933 that he had violated an earlier community control order by committing the offenses to which he had pled guilty. Thereupon, the following colloquy took place:
THE CLERK: 97-5165 and 96-9744, In the Interest of D ... L ...
THE COURT: Good morning.
THE CHILD: Good morning.
THE COURT: Tell me your name.
THE CHILD: D ... L ...
THE COURT: All right. D ... you’re here for arraignment in two cases. First case, JU 97-5165. In this case, State has filed a Petition for Delinquency against you. They allege that you’ve committed the following offenses in three counts; first count, aggravated assault with a deadly weapon, third-degree felony. How do you wish to plead to that charge, guilty or not guilty?
THE CHILD: Guilty.
THE COURT: Second count, battery, domestic violence, a first-degree misdemean- or. How do you wish to plead to that charge, guilty or not guilty?
THE CHILD: Not guilty.
‡ ‡ ‡ ‡ ‡ ‡
THE COURT: Okay. Did you hear the arraignment speech I gave when I first came out?
THE CHILD: Yes, sir.
THE COURT: Did you hear and do you understand the constitutional rights you’re giving up or waiving by entering this plea?
THE CHILD: Yes, sir.
THE COURT: And do you also understand you’re at some disadvantage this morning because you’re without a lawyer? That if you wanted a lawyer, I would consider appointing one for you.
THE CHILD: Yes, sir.
THE COURT: Do you wish to give up that right?
THE CHILD: Yes, sir.
THE COURT: Okay. Are you entering this plea freely and voluntarily?
THE CHILD: Yes, sir.
THE COURT: Has anybody forced you, coerced you, made you any promises in order to get you to enter this plea?
THE CHILD: No, sir.
THE COURT: Are you presently under the influence of any drugs or alcohol?
THE CHILD: No, sir.
THE COURT: Do you have any mental or emotional disabilities?
THE CHILD: No, sir.
THE COURT: The Court finds you’re alert and intelligent. You’ve entered this plea freely and voluntarily. There is a factual basis for the Court’s acceptance of your plea found in the sworn affidavit of the law enforcement officer contained within 97-5165 and in Petition for Revocation of Community Control, itself, in 96-9744. The Court does accept your pleas of guilty to Counts I and III, and your admission of the violation of community control in 96-9744.
Rule 8.165(b)(2), Florida Rules of Juvenile Procedure states that a child shall not be deemed to have waived assistance of counsel until the “... entire process of offering counsel has been completed and a thorough inquiry into the child’s comprehension of that offer and capacity to make that choice intelligently and understandingly has been made.” See N.R.L. v. State, 684 So.2d 299 (Fla. 5th DCA 1996) (defendant must be advised of his right to counsel, and, if he chooses to waive counsel, the court must query the defendant to determine if the waiver was freely and intelligently made). See also, R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981).
There was a letter in the file from the child’s mother to the trial judge complaining that she had not been notified of the arraignment and was thus not present. At the hearing on the motion to withdraw the plea, there was testimony from the mother and medical testimony that the child was suffering from mental health and emotional disorders and had been on medication for these problems. A case worker from the Department of Juvenile Justice, who was familiar with appellant, and who interviewed appellant after the arraignment (but who himself was not present at arraignment), testified *934 that he was aware of the child’s disabilities, that the child attended a special school, Dev-ereux, a “behavioral school,” was on medication for his emotional problems, and that he, the case worker, did not believe that the child could understand the nature of his plea. The child’s mother also testified that from her discussions with her son she was certain that he did not understand the nature of his plea.
It is clear from the transcript of the hearing on the motion to withdraw the plea that there should have been at least some doubt as to this 14 year old’s clear understanding of the nature of the charges against him and of his ability to intelligently and understandingly waive his right to counsel. The motion to withdraw his plea should have been granted. See J.R.V. v. State, 23 Fla. L. Weekly D1957 (Fla. 5th DCA August 21, 1998).
REVERSED AND REMANDED.
PETERSON and ANTOON, JJ., concur.

. The trial court appointed the public defender to represent appellant as to the not guilty count, but this count was later nolle prossed by the State.