ORFINGER, M., Senior Judge.
T.G. appeals from an adjudication of delinquency and an order of disposition following pleas of no contest to felony charges and violation of community control. He contends that he was denied the constitutional right to counsel at both the plea and dispositional hearings. We agree and reverse.
Appellant was uncounseled at both the plea and dispositional hearings. At the plea hearing, the trial judge asked appellant if he wished to have an attorney appointed for him, and he replied in the negative. No further inquiry was made. At the dispositional hearing, there was no inquiry at all as to counsel. A juvenile defendant must be advised of his right to counsel, and if he chooses to waive counsel, the court must query the defendant to determine if the waiver was freely and intelligently made. Rule 8.165(b)(2), Fla. R. Juv. P. Only after a thorough inquiry has been made as required by the rule, may a plea be taken. J.O. v. State, 717 So.2d 185 (Fla. 5th DCA 1998). Counsel is required at each stage of the proceeding. Rule 8.165(a), Fla. R. Juv. P.
The state contends that the issue has not been preserved for appeal because appellant never moved the trial court to withdraw the plea, but failure to comply with Rule 8.165 is fundamental error. J.O., supra; J.R.V. v. State, 715 So.2d 1135 (Fla. 5th DCA 1998).
REVERSED.
W. SHARP and PETERSON, JJ., concur.