PER CURIAM.
Appellant correctly argues that the adjudication of delinquency must be reversed because the court accepted from Appellant an uncounseled plea of no contest on two felony counts and a guilty plea to violation of probation, without first advising Appellant of his right to counsel, without first inquiring of Defendant if he wished to waive counsel and determining that such waiver was freely and intelligently made, and without securing from him a written waiver of counsel as required by Florida Rule of Juvenile Procedure 8.165(a). See T.G. v. State, 741 So.2d 517 (Fla. 5th DCA 1999), rev. granted, 751 So.2d 1254 (Fla. 2000); D.L. v. State, 719 So.2d 981 (Fla. 5th DCA 1998), rev. denied, 727 So.2d 911 (Fla.1999); J.O. v. State, 717 So.2d 185 (Fla. 5th DCA 1998).
The adjudication of delinquency and the disposition thereon and the adjudication on the probation violation are reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
GRIFFIN, THOMPSON, JJ„ and ORFINGER, M., Senior Judge, concur.