GRIFFIN, J.
B.P. appeals a detention order based on charges of grand theft of a motor vehicle and resisting arrest without violence.
On appeal, B.P. contends that the trial court committed reversible error when it failed to offer him the assistance of counsel at either his plea and disposition hearing or obtain a waiver as required by Florida Rule of Juvenile Procedure 8.165. The State concedes that the trial court failed to follow the dictates of Rule 8.165 and that this court has held that the failure to strictly comply with the rule constitutes fundamental error requiring reversal. E.C.H. v. State, 751 So.2d 776 (Fla. 5th DCA 2000); T.G. v. State, 741 So.2d 517, 518 (Fla. 5th DCA 1999), review granted, 751 So.2d 1254 (Fla.2000); J.O. v. State, 717 So.2d 185, 186 (Fla. 5th DCA 1998); J.R.V. v. State, 715 So.2d 1135, 1139 (Fla. 5th DCA 1998); L.D.H. v. State, 711 So.2d 1319, 1320 (Fla. 5th DCA 1998). The State, however, argues that B.P. was required to file a motion to withdraw his plea in order to preserve the issue, relying on the second district’s recent holding in J.M.B. v. State, 750 So.2d 654 (Fla. 2d DCA 1999). This court has held, however, that even absent a motion to withdraw plea, failure to advise a juvenile of his right to counsel in accordance with the rule is reviewable and correctable on appeal. See T.G., 741 So.2d at 518-19. Our opinion in T.G. is controlling.
REVERSED and REMANDED.
ANTOON, C.J., and THOMPSON, J., concur.