SALCINES, Judge.
D.C.W., a juvenile, appeals his adjudication of delinquency as well as his commitment for an indeterminate period of time. We reverse and remand for further proceedings.
In Polk County, D.C.W. entered a plea of no contest to the charge of battery on a detention facility staff member in violation of section 784.075, Florida Statutes (Supp. 1998). On appeal, D.C.W. argues that at the time he entered into the plea, the trial court did not adequately determine if his waiver of counsel was voluntarily and knowingly made in accordance with Florida Juvenile Procedure Rule 8.165(b)(2), which governs the determination of whether a juvenile defendant has voluntarily waived his right to counsel. '
The rule requires the trial court to offer counsel to the juvenile and to make “a thorough inquiry into the child’s comprehension of that offer and the capacity to make that choice intelligently and understandingly....” As discussed in B.F. v. State, 747 So.2d 1061, 1065 (Fla. 5th DCA 2000):
A knowing and intelligent waiver of the right to counsel in a juvenile proceeding appears to require the court to: (1) inform the juvenile of the benefits he would relinquish and the danger and disadvantages of representing himself, (2) determine whether the juvenile’s choipe was made voluntarily and intelligently, and (8) determine whether any unusual circumstances existed which would preclude the juvenile from exercising his right to represent himself.
In the present case, D.C.W. appeared for arraignment in a juvenile delinquency proceeding without the benefit of counsel. Before the proceedings commenced, the judge presented a speech to the group of juvenile defendants before him and informed them of their rights. This speech was not transcribed. When D.C.W.’s case was called by the court, the judge made a very abbreviated inquiry concerning D.C.W.’s right to counsel:
THE COURT: Okay. And you heard my speech about all your rights?
D.C.W.: Yes, sir.
THE COURT: Did you understand all that?
D.C.W.: Yes, sir.
THE COURT: You understand you’re giving up all those rights, including your right to an attorney?
D.C.W.: Yes, sir.
The foregoing colloquy was inadequate to have met the requirements of Florida Juvenile Procedure Rule 8.165(b)(2). As in B.F., D.C.W. was minimally informed that he had a right to be represented by counsel; however, no inquiry was made into his comprehension of the right to counsel or his capacity to waive that right in an intelligent and understanding fashion.
This issue may be reviewed for the first time on appeal because the failure to adequately advise a juvenile of his right to counsel constitutes fundamental error.[1] See S.S. v. State, 744 So.2d 600, 601 (Fla. 2d DCA 1999); B.P. v. State, 759 So.2d 741 (Fla. 5th DCA 2000); T.G. v. State, 741 So.2d 517 (Fla. 5th DCA 1999), review granted, 751 So.2d 1254 (Fla.2000). Accordingly, we reverse and remand this matter to the trial court with directions *365 that D.C.W. be allowed to withdraw his plea.
After the trial court accepted the plea, D.C.W. was transferred to Manatee County for a disposition hearing and was sentenced to an indeterminate term of commitment. The State has conceded that this disposition was improper. Therefore, upon resentencing, the trial court should not impose an indeterminate term of commitment and should ensure that the term imposed does not exceed the five year legal maximum for the charged offense.
Reversed and remanded for further proceedings in accordance with this opinion.
BLUE, A.C.J., and FULMER J., Concur.

. We note that the Fourth District cited to our decision in J.M.B. v. State, 750 So.2d 654 (Fla. 2d DCA 1999), to support its holding that there must be a motion to withdraw a plea in order to preserve the issue for appeal. See J.A. v. State, 758 So.2d 1276 (Fla. 4th DCA 2000). However, J.M.B. is not applicable because that case questioned the voluntary nature of a plea and did not involve the issue of the failure to inform a juvenile of his right to be represented by counsel in accordance with Florida Rule of Juvenile Procedure 8.165(b)(2).