782 So.2d 951 (2001)
G.E.F., Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3598.
District Court of Appeal of Florida, Second District.
April 6, 2001.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
G.E.F., a juvenile, appeals his adjudication of delinquency and commitment following his plea of guilty for resisting an officer without violence. He asserts that the requirements of Florida Rule of Juvenile Procedure 8.165, concerning waiver of counsel, were not met. We agree and reverse.
The State filed a petition for delinquency charging G.E.F. with resisting an officer *952 without violence for an offense occurring on June 24, 1999. G.E.F. and his parents appeared for G.E.F.'s detention hearing on July 15, 1999, before the juvenile division of the circuit court. When asked whether G.E.F. wanted an attorney, G.E.F.'s father replied in the negative. No further inquiry regarding waiver of counsel was conducted.
Subsequently, on July 23, 1999, G.E.F. appeared for a plea hearing before the juvenile court. During the hearing, the following colloquy, regarding waiver of counsel, transpired between the court, G.E.F., and G.E.F.'s mother:
THE COURT: Ma'am, again I have offered him an attorney. Can you afford to hire him an attorney?
[G.E.F.'s MOTHER]: No Ma'am. I can't.
THE COURT: Do you understand Sir that you have a right though to have a public defender and you are waiving that right?
[G.E.F.]: Yes Ma'am.
No further inquiry was made regarding waiver of counsel. G.E.F. entered a plea of guilty to the charged offense. The juvenile court adjudicated G.E.F. delinquent and committed him to the Department of Juvenile Justice.
Florida Rule of Juvenile Procedure 8.165 provides the following with respect to the waiver of counsel by a juvenile:
(b) Waiver of Counsel.
. . . .
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child's comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.
As in D.C.W. v. State, 775 So.2d 363 (Fla. 2d DCA 2000), the record in the present case indicates that an abbreviated inquiry regarding waiver of counsel was made, but failed to satisfy the requirements of rule 8.165. Accordingly, we reverse.
Reversed and remanded.
CASANUEVA, A.C.J., and STRINGER, J., concur.