STRINGER, Judge.
V.S.J. challenges her delinquency adjudication and commitment to the Department of Juvenile Justice (Department) for a period of five years. Because the trial court failed to adequately advise V.S.J. of her right to counsel and also faded to obtain a knowing and intelligent waiver of counsel prior to accepting V.S.J.’s plea, we reverse. Fla. R. Juv. P. 8.075(b)(2), 8.165(a).
V.S.J. pleaded no contest to one count of battery against her mother, and the State nol prossed a second count of battery on V.S.J.’s brother. Notes of the initial commitment management conference indicate that V.S.J. was a minimal risk and that the Department recommended a sentence of community control. Prior to accepting her plea, the judge asked V.S.J. if she had heard his “speech about all her rights.” V.S.J.’s response was indiscernible and was not transcribed. The court inquired further: “You understand that you are giving up all those rights including your right to an attorney?” V.S.J. responded, “Yes Sir.”
V.S.J. failed to appear at her first disposition hearing so the trial court issued a pick-up order with directions that V.S.J. submit to a drug test when taken into custody. She tested positive for marijuana and cocaine. Based on her failure to appear, the positive drug test, and alleged suicide threats, V.S.J. was sentenced to level 6 commitment. Based on the Department’s original recommendation, V.S.J. and her mother believed that she would be sentenced to community control. V.S.J.’s mother opposed residential commitment and sought to have V.S.J.’s plea withdrawn. The trial court denied her request.
Florida Rule of Juvenile Procedure 8.165 provides:
(a) Duty of the Court. The court shall advise the child of the child’s right to counsel. The court shall appoint counsel as provided by law unless waived by the child at each stage of the proceeding.
(b) Waiver of Counsel.
[[Image here]]
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child’s comprehension of that offer and the capacity to make that choice intelligently and understanding^ has been made.
[[Image here]]
(4) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.
The hearing transcript in this case does not evidence a knowing and intelligent waiver of counsel. Moreover, it establishes that V.S.J. was not advised of her right to counsel, irrespective of her plea, at every stage of the proceedings. Although the court inquired about the voluntariness of V.S.J.’s plea, it did not conduct a thorough inquiry concerning the intelligence of V.S.J.’s waiver of counsel. Rather than addressing V.S.J. individually, as in D.C.W. v. State, 775 So.2d 363 (Fla. 2d DCA 2000), the trial judge addressed the juveniles appearing that day en masse and advised them of their rights. See also G.E.F. v. State, 782 So.2d 951 (Fla. 2d DCA 2001). We recognize that this method offers some *106 convenience, but it also reduces the probability that every accused will be adequately and effectively advised of his or her constitutional rights. See Fla. R. Juv. P. 8.010(e), 8.165. Based on this transcript, we have no way of knowing that V.S.J. was present or attentive at the time the trial judge gave his “speech” concerning her rights.
Our review of the plea colloquy in this case is further complicated by the fact that much of the discussion was indiscernible and therefore could not be transcribed. We suspect that the proceedings were electronically recorded as authorized by Florida Rule of Juvenile Procedure 8.100(e). Athough the use of recording devices is authorized by this rule, we note that there should be some method of monitoring the condition of such devices and insuring that they are accurately recording the proceedings.
Based on the trial court’s failure to advise V.S.J. of her right to counsel and failure to obtain a knowing and intelligent waiver of counsel at every stage of the proceedings, we reverse. On remand, V.S.J. should be allowed to withdraw her plea.
Reversed and remanded for further proceedings.
FULMER, A.C.J., and WHATLEY, J., Concur.