810 So.2d 918 (2002)
STATE of Florida, Petitioner,
v.
B.P., a child, Respondent.
No. SC00-1258.
Supreme Court of Florida.
February 14, 2002.
Robert A. Butterworth, Attorney General, and David H. Foxman and Kellie A. Nielan, Assistant Attorneys General, Daytona Beach, FL, for Petitioner.
James B. Gibson, Public Defender, and Jane C. Almy Loewinger, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Respondent.
QUINCE, J.
We have for review B.P. v. State, 759 So.2d 741 (Fla. 5th DCA 2000), which cited to the decision in T.G. v. State, 741 So.2d 517 (Fla. 5th DCA 1999), a case that was accepted for review by this Court. See State v. T.G., 751 So.2d 1254 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we approve the decision of the Fifth District Court of Appeal and remand this case to the trial court for further proceedings consistent with this opinion.
B.P., a juvenile, pled guilty to one count of grand theft and one count of resisting an officer without violence. Thereafter, the trial court entered an adjudication of delinquency and committed B.P. to a Level 8 program. At the plea hearing, B.P. appeared with his probation officer and was shown a video that explained his right to counsel. Although a public defender was consulted during the course of the hearing, nothing in the record indicates that the public defender was appointed to represent B.P. B.P. was also without representation at the disposition hearing.
B.P. appealed to the Fifth District, claiming that the trial court committed reversible error when it failed to offer him counsel at the time of either his plea or disposition hearing and failed to obtain a waiver of counsel as required by Florida Rule of Juvenile Procedure 8.165. The State argued that B.P. was required to file a motion to withdraw his plea in order to *919 preserve the issue. The Fifth District, relying on its decision in T.G. v. State, 741 So.2d 517 (Fla. 5th DCA 1999), held that even absent a motion to withdraw a plea, failure to advise a juvenile of his right to counsel in accordance with the rule is reviewable and correctable on appeal. 741 So.2d at 518-19.
For the reasons expressed in our recent decision in State v. T.G., 800 So.2d 204 (Fla.2001), we approve the decision in this case because the denial of counsel constituted fundamental error. Thus, we remand this case to the trial court so that it can properly advise B.P. of his right to assistance of counsel, ensure by a thorough inquiry that any waiver is free and intelligent, and allow B.P. to enter a new plea if appropriate.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.