811 So.2d 837 (2002)
T.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1805.
District Court of Appeal of Florida, Fourth District.
March 27, 2002.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Judy Hyman, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
T.M. was charged, through a petition of delinquency, with disorderly conduct relating to an alleged incident on November 26, 2000. The trial court held a plea colloquy[1] *838 where T.M. was present with his mother but was not represented by counsel. The trial judge informed T.M. that he had a right to a lawyer and that if he could not afford a lawyer, the public defender could be his lawyer. The trial judge asked T.M. whether he wanted a lawyer. T.M. answered, "No." The trial judge then asked whether he wanted to give up his right to a lawyer. T.M. replied, "Yes." After T.M. was read his charges, he indicated that he wanted to plead no contest. Before accepting his plea, the trial judge asked T.M. his age. T.M. indicated he was 15. The trial judge then asked whether he was taking drugs or medication, to which T.M. answered, "No." The trial judge asked whether he understood what was occurring. T.M. answered that he did. T.M. signed a Waiver of Attorney form and a Statement of Rights form. The trial judge made no further inquiries before determining that the plea was "made freely, voluntarily, and intelligently," after waiving right to counsel. The trial judge accepted the plea of no contest.
At the disposition hearing, T.M. was again informed of his right to counsel and he denied same. The trial court[2] informed T.M. of the many ways that counsel could assist T.M. and T.M. indicated that he wanted to be represented. The trial court appointed a public defender to represent him at the hearing. The trial court withheld adjudication and placed T.M. on community control under the supervision of the Department of Juvenile Justice with instructions that he successfully complete the E.L.P. program.
T.M. argues that the trial judge fundamentally erred when he failed to conduct a proper inquiry regarding his waiver of counsel prior to accepting his plea. Florida Rule of Juvenile Procedure 8.165, provides:
(a) Duty of the Court. The court shall advise the child of the child's right to counsel. The court shall appoint counsel as provided by law unless waived by the child at each stage of the proceeding. This waiver shall be in writing if made at the time of a plea of guilty or no contest or at the adjudicatory hearing.
(b) Waiver of Counsel.
(1) The failure of a child to request appointment of counsel at a particular stage in the proceedings or the child's announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any subsequent stage of the proceedings.
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child's comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.

*839 (4) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.
Failure to comply with Rule 8.165 is fundamental error. State v. T.G., 800 So.2d 204, 212-13 (Fla.2001).
In this case, the trial judge did not conduct a "thorough inquiry" into T.M.'s waiver of his right to counsel, prior to accepting his plea, as contemplated by rule 8.165. See P.L.S. v. State, 745 So.2d 555 (Fla. 4th DCA 1999). See also G.E.F. v. State, 782 So.2d 951 (Fla. 2d DCA 2001) (reversing for failure to conduct proper inquiry into waiver of counsel); D.C.W. v. State, 775 So.2d 363 (Fla. 2d DCA 2000) (same); B.F. v. State, 747 So.2d 1061 (Fla. 5th DCA 2000) (same).
In P.L.S., the trial judge conducted an inquiry into appellant's waiver of counsel that is very similar to the one in the instant case. As in this case, the trial judge asked appellant whether he understood that he had a right to counsel and that a public defender could be appointed to represent him. The trial judge also inquired about appellant's age. This court determined that it was not a "thorough inquiry" as contemplated by rule 8.165(b)(2) and reversed appellant's delinquency adjudication and commitment.
There is nothing in this case which would lead to a different result. Accordingly, T.M.'s commitment is reversed and the case is remanded for arraignment on the disorderly conduct charge.
REVERSED.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] The plea was taken in St. Lucie County before Judge Dwight Geiger, and the totality of the colloquy on the waiver of the right to counsel was as follows:

COURT: [Y]ou are charged with disorderly conduct.
CHILD: Yes sir.
COURT: You do have the right to a lawyer and ifif you cannot afford a lawyer the public defender can be your lawyer. Do you wish to have a lawyer represent you?
CHILD: No thanks.
COURT: Do you want to give up your right to a lawyer?
CHILD: Yes sir.
[2] Subsequent to the plea in St. Lucie County, the case was transferred to Martin County for a disposition hearing before Judge Steven Levin.