SHARP, W., J.
M.Q. appeals from an order in a delinquency proceeding which committed him to a moderate-risk, residential placement, after he pled guilty to a violation of conditions of his community control. His guilty plea was entered on February 5, 2001, and his commitment was rendered on February 19, 2001. M.Q. argues on appeal that the plea and the commitment violate Florida Rule of Juvenile Procedure 8.165, as well as his federal and state constitutional rights to counsel,[1] because the trial court failed to properly offer him counsel at the February 19, 2001 hearing, and failed to adequately inquire into his waiver of counsel at both hearings. We agree and reverse.
These were the latest in a series of M.Q.’s juvenile court appearances for different acts of delinquency and violations of probation and community control. The prior proceedings involved different judges and counties, beginning in February 2000 when M.Q. pled guilty to auto theft before Judge Nelson in Seminole County. Some of the transcripts of these earlier hearings are contained in the record. With the exception of the first hearing before Judge Nelson, the transcripts indicate that M.Q. was not properly advised of his right to counsel at these proceedings.[2] One proceeding even involved an en masse group *617 advisement of rights by the trial judge.[3] For this reason we write again on the duties and responsibilities of trial judges with regard to offering legal representation in juvenile proceedings.
Juveniles must be offered legal representation at each critical stage of the proceedings.[4] See T.S. v. State, 773 So.2d 635 (Fla. 5th DCA 2000); A.G. v. State, 737 So.2d 1244 (Fla. 5th DCA 1999); A.D. v. State, 740 So.2d 565 (Fla. 5th DCA 1999). This includes, inter alia, at the plea and dispositional hearings. If counsel is waived by a child, the record must demonstrate that the waiver was freely and intelligently given. See State v. B.P., 810 So.2d 918 (Fla.2002); V.S.J. v. State, 793 So.2d 104 (Fla. 2d DCA 2001). Courts should be even more careful when accepting a waiver of counsel from a juvenile than in cases involving adults, and the inquiry for juveniles must be at least equal to that accorded adults. See State v. T.G., 800 So.2d 204 (Fla.2001); K.M. v. State, 448 So.2d 1124, 1125 (Fla. 2d DCA 1984).
Rule 8.165 sets out the duties and responsibilities of trial judges in juvenile proceedings and provides:
(a) Duty of the Court. The court shall advise the child of the child’s right to counsel. The court shall appoint counsel as provided by law unless waived by the child at each stage of the proceeding. This waiver shall be in writing if made at the time of a plea of guilty or no contest or at the adjudicatory hearing.
(b) Waiver of Counsel.
(1) The failure of a child to request appointment of counsel at a particular stage in the proceedings or the child’s announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any subsequent stage of the proceedings.
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child’s comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature of complexity of the case, or other factors.
(4) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel. (Emphasis added).
The Rule is not merely procedural in nature. It contains guidelines to ensure that a juvenile’s substantive right to counsel is protected. T.G. It requires the trial court to advise a juvenile of the right to counsel and to appoint counsel unless waived. The waiver must be in writing if made at the time of a plea of guilty or no contest. If a child waives counsel, the Rule states that the court may not deem it a waiver until a thorough inquiry into the child’s comprehension of *618 the offer and the child’s capacity to make that choice both intelligently and understandingly, has been made. The offer must be renewed at subsequent stages of the proceeding. Even though a juvenile does not request counsel, the trial court must comply with the Rule. T.G.
On February 5, 2001, M.Q. appeared before Judge Johnston in Seminole County after he violated his community control by testing positive for THC. The transcript of that hearing reveals the following discussion between the judge and M.Q.:
JUDGE: Would it be your desire that you need to have an attorney, or would you like to represent yourself on that one?
M.Q. I’ll represent myself.
JUDGE: Would you like to enter a plea of guilty or not guilty?
M.Q. Guilty.
The judge then swore in M.Q. and asked him whether anyone had promised him anything to get him to enter the plea. He responded “no.” The judge asked M.Q. if he understood that by entering the plea he was subjecting himself to the jurisdiction of the juvenile court. M.Q. responded “yes.” The judge then began asking M.Q. questions concerning the basis for his plea.
Although the judge made an offer of counsel at this hearing, the inquiry was insufficient to satisfy the rule as to what M.Q.’s substantive rights were (as well as whether he knowingly waived them). The requirement is one of detailed inquiry, because it is “extremely doubtful that any child of limited experience can possibly comprehend the importance of counsel.” See T.G.; P.L.S. v. State, 745 So.2d 555, 557 (Fla. 4th DCA 1999), quoting G.L.D. v. State, 442 So.2d 401, 404 (Fla. 2d DCA 1983).
At the February 19, 2001 hearing, M.Q. was again unrepresented, but the judge merely imposed the commitment. There was no offer of counsel, and no basis to conclude that M.Q. made an informed waiver of his right to counsel.
The state concedes that the trial court failed to follow the dictates of Rule 8.165. See E.C.H. v. State, 751 So.2d 776 (Fla. 5th DCA 2000); A.P. v. State, 730 So.2d 425 (Fla. 5th DCA 1999); D.L. v. State, 719 So.2d 931 (Fla. 5th DCA 1998). But it argues that because M.Q. failed to file a motion to withdraw his plea, this appeal is not cognizable, since such a motion is a prerequisite to a direct appeal challenging the voluntariness of a plea. Robinson v. State, 373 So.2d 898, 902 (Fla.1979), distinguished, State v. T.G., 800 So.2d 204 (Fla.2001).
A trial court’s failure to make or renew the offer of counsel and conduct a thorough inquiry into a juvenile’s comprehension of the offer constitutes fundamental error. T.G.; T.M. v. State, 811 So.2d 837 (Fla. 4th DCA 2002). If the waiver of counsel is invalid, a guilty plea entered without the advice of counsel, is involuntary as a matter of law. T.G. Further, in T.G., the supreme court held that where a juvenile is not represented by counsel and the appellate court can discern from the record that the judge failed to conduct a thorough inquiry into the juvenile’s waiver of his or her right to counsel, fundamental error occurs and the juvenile may appeal despite failing to file a motion to withdraw a plea.
In this case, M.Q. was not represented by counsel at either the time of his plea or his commitment. The record reveals that the trial court failed to offer M.Q. counsel at the commitment hearing and failed to properly inquire into M.Q.’s waiver of his right to counsel at both hearings.
*619 Therefore, the order must be vacated and this cause remanded for further proceedings,[5] including entry of a new plea, if appropriate. B.P.
Order VACATED; REMANDED.
THOMPSON, C.J., and PALMER, J., concur.

. U.S. Const, amend. VI; Fla. Const., art. I, § 16.

. Orders rendered in these earlier proceedings were not appealed and this court has no jurisdiction to review them.

. See V.S.J. v. State, 793 So.2d 104 (Fla. 2d DCA 2001) where the second district rejected this process.

. The sixth amendment's right to counsel for one's defense is accorded not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. See Mickens v. Taylor, - U.S. -, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002), quoting, U.S. v. Cronic, 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

. We note that M.Q.'s specific argument on appeal is that the procedure at the hearings violated his constitutional rights, not that he should be permitted to withdraw his plea. We find this to be a matter of semantics ■because the February 19, 2001 order is based on the guilty plea, and the appeal de facto incorporates the plea. Thus, in vacating the order, we are also vacating the plea.