COWART, Judge.
This is an appeal from a plea of guilty in a delinquency case in which appellant, a minor, attacks the validity of a written waiver of counsel and challenges the State’s failure to serve, under section 39.06(4)(c), Florida Statutes (1981), a summons and the delinquency petition on a guardian ad litem previously appointed in two separate dependency proceedings.
As the matters argued constitute an indirect attack on the validity of the guilty plea they should be first urged in the trial court by a motion to withdraw the guilty plea on those grounds and an appeal taken only from an adverse ruling. Section 924.06(3), Florida Statutes, and Florida Rule of Appellate Procedure 9.140(b)(1) limit appeals in criminal cases from judgments entered upon pleas of guilty. Those limitations on criminal appeals have been implemented by Robinson v. State, 373 So.2d 898 (Fla.1979), and Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979), which hold that a motion to withdraw a plea of guilty is a prerequisite to a direct appeal challenging the voluntariness of the plea. This court has applied the principle of the criminal statute and appellate rule and of Robinson and Counts to juvenile proceedings. See In the interest of S.C. v. State, 388 So.2d 643 (Fla. 5th DCA 1980). Therefore we dismiss this appeal. A dismissal of an appeal because the matter sought to be reviewed is required to be, but has not been, first presented to the .trial court is but the application of a rule of law relating to appellate review and is never an adverse adjudication in the *348 appellate court on the merits of the points of law that were attempted to be presented to the appellate court. Therefore, without it being said in each and every case the dismissal of the appeal is always without prejudice to appellant’s right to properly initiate the matter in the trial court if presentation there has not been barred by some other limitation.
DISMISSED.
ORFINGER, C.J., and COBB, J., concur.