521 So.2d 279 (1988)
Robert F. NEWBOLD, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2927.
District Court of Appeal of Florida, Second District.
March 4, 1988.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Acting Chief Judge.
The appellant, Robert Newbold, challenges the judgments and sentences imposed upon him pursuant to his plea of guilty to the offense of burglary. We find that we do not have jurisdiction to consider the issue presented by the appellant and, therefore, dismiss the appeal.
After the appellant was charged with burglary and grand theft, he filed a motion to suppress certain incriminating oral and written statements he had made to Polk County law enforcement officers. After the motion to suppress was denied, the appellant entered a plea to the offense of *280 burglary and the state dismissed the grand theft charge. At the plea hearing, the parties agreed that the trial court's order denying the appellant's motion was dispositive of the case, and defense counsel asserted that he was reserving the appellant's right to appeal that order. The appellant entered a plea of guilty to the burglary charge, however, instead of a plea of nolo contendere. After judgments and sentences on the burglary and other pending charges were entered, the appellant filed this timely appeal contending that his motion to suppress was erroneously denied.
Section 924.06(3), Florida Statutes (1985), provides: "A defendant who pleads guilty or nolo contendere with no express reservation of the right to appeal shall have no right to a direct appeal. Such a defendant shall obtain review by means of collateral attack." In Robinson v. State, 373 So.2d 898 (Fla. 1979), the supreme court construed the modifying language in section 924.06(3), "with no express reservation of the right to appeal", to apply exclusively to nolo contendere pleas. This construction harmonizes the statute with Florida Rule of Appellate Procedure 9.140(b) which provides:
A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularity the point of law being reserved.
Thus, by pleading guilty rather than nolo contendere, the appellant lost his right to directly appeal the issue of whether the trial court erred in denying his motion to suppress, despite the state's agreement that the denial of the motion was dispositive of the case and the appellant's attempt to reserve his right to appeal the denial of the motion. In fact, the appellant lost his right to appeal any rulings that preceded his plea of guilty, including any claim relating to deprivations of his constitutional rights. Robinson. He did, however, retain the right to seek review of certain errors which might have occurred contemporaneously with the entry of that plea. Such appealable errors would include only the following: lack of subject matter jurisdiction, the illegality of the sentence, the failure of the state to abide by the plea agreement, and the voluntary and intelligent character of the plea. Robinson.
In Robinson, the supreme court held that if the record raises issues concerning the voluntary or intelligent character of the plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea. Although the record in this case does reveal an issue concerning the voluntary and intelligent character of the guilty plea, the appellant has not given the trial court an opportunity to consider that issue by filing a motion to withdraw that plea. We, therefore, cannot address the question of whether the appellant's guilty plea was validly entered. We, accordingly, dismiss the appeal without prejudice to the appellant's ability to file a motion pursuant to Florida Rule of Criminal Procedure 3.850 challenging the voluntary and intelligent character of his plea. See Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). See also, Skinner v. State, 399 So.2d 1064 (Fla. 5th DCA 1981).
Dismissed.
FRANK and HALL, JJ., concur.