565 So.2d 873 (1990)
Charles WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2487.
District Court of Appeal of Florida, Fourth District.
August 15, 1990.
Richard L. Jorandby, Public Defender and Joseph S. Shook, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant pled guilty to three counts of burglary of a dwelling and two counts of grand theft arising from the burglaries. The plea agreement called for a sentence of no more than thirty months.
When appellant appeared to enter the plea, the court asked him, "Are you Charles Walker?" He answered, "Yes." The court did not ask whether appellant had any aliases or any other prior record. After determining that there was a factual basis for the plea, the trial court accepted it unconditionally. The court then postponed sentencing pending completion of a presentence investigation report.
When the court reconvened for sentencing, the court learned that appellant had an alias under which he had a prior record; if included in the scoresheet calculation, these other convictions would have changed his point tally and placement. The court considered that appellant had made a material misrepresentation to the court, and announced that it did not intend to be bound by its earlier acceptance of the plea.
The court offered appellant the choice of entering an open plea of guilty with a corresponding guidelines sentence; accepting the state's new offer of up to twenty-two years on a guilty plea; or withdrawing the plea altogether.
Appellant's counsel advised him to reaffirm his original plea. The court recessed for appellant to consider the offer. Three weeks later, appellant appeared and withdrew his original plea, again against the advice of counsel. The court docketed the case for trial.
Shortly thereafter, appellant appeared before the court and entered a newly negotiated guilty plea which required him to serve concurrently fifteen years each on the three counts of burglary and five years each on the two counts of grand theft. The court accepted the plea and entered the sentence.
Appellant alleges that the second plea was not voluntary because the court unjustly coerced him to withdraw his first plea; the court, therefore, violated the proscriptions on double jeopardy by reinstating the original charges and giving a sentence exceeding that which it already had accepted.
The appellant's entry of the intervening guilty plea left this court without jurisdiction to entertain his appeal. A defendant cannot appeal a guilty plea. Fla.R.App.P. 9.140(b)(1). For this court to have appellate *874 jurisdiction, appellant had to move to withdraw the second plea so the trial court had the opportunity to rule on his allegation that the second plea was involuntary. Robinson v. State, 373 So.2d 898, 902 (Fla. 1979); Newbold v. State, 521 So.2d 279 (Fla. 2d DCA 1988). He did not do so.
Accordingly, we dismiss this appeal, but we do so without prejudice to appellant's right to seek collateral relief. See Newbold, 521 So.2d at 280.
ANSTEAD and WARNER, JJ., concur.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
I would affirm. Appellant knowingly pled guilty a second time. He alleges that the sentence entered was illegal because of the involuntary character of the plea and the resulting double jeopardy violation. See Fla.R.App.P. 9.140(b)(1)(D) (a defendant can appeal an illegal sentence). He has not demonstrated that his plea was involuntary, and therefore he has not shown that his sentence was illegal. Rather than dismissing, I would conclude on the merits that there was no illegality.