SHAW, Justice.
We have for review T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997), and consolidated cases wherein the district court certified the following question:
DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP.1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
R.A.M. v. State, 695 So.2d 1308, 1309 (Fla. 1st DCA 1997). We have jurisdiction. Art. V., § 3(b)(4), Fla. Const. We answer in the negative and approve T.M.B.
Respondents pled either guilty or nolo con-tendere in juvenile delinquency proceedings and attempted to appeal the final orders of delinquency. In opposing the appeals, the state argued that respondents failed to preserve their claims for review as required by subsections 924.051(3) and (4), Florida Statutes (Supp.1996). The First District Court *270 of Appeal disagreed, concluding that chapter 39 governs appeals by juveniles[1] and that section 924.051, Florida Statutes (Supp.1996), is inapplicable to juvenile delinquency proceedings. The court certified the above question.
The state points out that in I.T. v. State, 694 So.2d 720 (Fla.1997), this Court held that a section of chapter 924, i.e., section 924.34,[2] applies to juvenile proceedings. Premised upon our decision in I.T., the state concludes that section 924.051,[3] applies to juvenile proceedings. We disagree.
The district court in the above referenced J.M.J. v. State, 22 Fla. L. Weekly D1673, — So.2d-(Fla. 1st DCA July 7, 1997), addressed the applicability of section 924.051 to juvenile proceedings:
[B]y a notice of supplemental authority citing the subsequently decided case of I.T. v. State, 694 So.2d 720, 22 Fla. Law Weekly S244 (Fla. May 8, 1997), the state implies that T.M.B. was incorrectly decided, and that section 924.051 does, in fact, apply to juvenile delinquency proceedings. We disagree.
We continue to be of the opinion that section 924.051, Florida Statutes (Supp. 1996), which was created by the Criminal Appeal Reform Act of 1996 (ch. 96-248, § 4, at 954, Laws of Fla.), does not apply to juvenile delinquency proceedings. We base this conclusion upon a number of considerations. In the first place, by design, the juvenile delinquency system is different from the adult criminal system. See, e.g., P.W.G. v. State, 682 So.2d 1203 (Fla. 1st DCA 1996)(eiting cases), [approved, 702 So.2d 488 (Fla.1997) ]. Among other differences is the fact that, in the juvenile delinquency system rehabilitation is the principal focus, while in the adult criminal system punishment is the principal focus. In addition, established principles of statutory construction militate against the conclusion that the legislature intended that section 924.051 apply to juvenile delinquency proceedings.
Section 924.051 was added by the legislature to chapter 924, which, by the same act, was renamed “Criminal Appeals and Collateral Review.” Ch. 96-248, § 2, at 954, Laws of Fla. Chapter 924 is a part of Title XLVII, “Criminal Procedure and Corrections.” Appeals in juvenile delinquency proceedings are addressed in section 39.069, Florida Statutes (1995), which is a part of chapter 39, “Proceedings Relating to Juveniles.” Section 39.069 appears to have been intended by the legislature to deal exhaustively with the subject of appeals in juvenile delinquency proceedings. ...
... [I]t seems to us that section 924.051 was not intended to apply to juvenile delinquency proceedings. We do not read I.T. as requiring a different *271 result. Accordingly, we adhere to our conclusion in T.M.B. that section 924.051 does not apply to juvenile delinquency proceedings; and we reject the state’s argument to the contrary.
J.M.J., 22 Fla. L. Weekly at D1673, — So.2d at-.
We agree with the district court in J.M.J. and conclude that section 924.051 is inapplicable to juvenile proceedings. Our decision in I.T. is distinguishable. In I.T., juveniles appealed their adjudications of delinquency based on grand theft of a motor vehicle after they were discovered by police in a stolen van parked in a parking lot. The district court found that the evidence presented at trial did not sustain a charge of grand theft, but it did sustain a charge of trespass in a conveyance and ordered the trial court to enter an adjudication of delinquency based on that charge. 694 So.2d at 721.
On review, this Court held that section 924.34,[4] which allows an appellate court to sustain a conviction of a lesser offense when the evidence does not prove the charged offense, applies to juvenile proceedings. Id. at 722. We reasoned that section 924.34 also applies to juveniles because chapter 39, the juvenile statute, contains no comparable language addressing this issue. Conversely, in the present case, the terms and conditions of juvenile appeals are addressed exhaustively in chapter 39.[5] It is thus clear that the legislature intended chapter 39 to govern juvenile appeals. We hold that section 924.051 is inapplicable to juvenile proceedings.
Based on the foregoing, we answer the certified question in the negative and approve T.M.B.
It is so ordered.
KOGAN, C.J., and OVERTON, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.
ORDER
The Petitioner’s Motion for Rehearing and/or Clarification is hereby denied.
HARDING, C.J., and OVERTON, SHAW, KOGAN and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion, in which PARIENTE, J., concurs.

. The legislature recently transferred the portions of chapter 39 relating to juvenile delinquency proceedings to chapter 985, effective October 1, 1997. See Ch. 97-238, Laws of Fla.

. Section 924.34 states:
924.34 When evidence sustains only conviction of lesser offense. — When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
§ 924.34, Fla. Stat. (1995).

. Section 924.051 states in pertinent part:
924.051 Terms and conditions of appeals and collateral review in criminal cases.—
(3) An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
(4) If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.
§ 924.051, Fla. Stat. (Supp.1996).

. See supra note 2.

. See § 39.069, Fla. Stat. (1995)(setting forth an extensive and detailed procedure governing juvenile appeals); ch. 97-238, § 42, at 4286, Laws of Fla. ("Section 39.069, Florida Statutes, is transferred and renumbered as section 985.234, Florida Statutes.”).