741 So.2d 517 (1999)
T.G., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1406
District Court of Appeal of Florida, Fifth District.
January 15, 1999.
Opinion Denying Rehearing June 18, 1999.
*518 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
T.G. appeals from an adjudication of delinquency and an order of disposition following pleas of no contest to felony charges and violation of community control. He contends that he was denied the constitutional right to counsel at both the plea and dispositional hearings. We agree and reverse.
Appellant was uncounseled at both the plea and dispositional hearings. At the plea hearing, the trial judge asked appellant if he wished to have an attorney appointed for him, and he replied in the negative. No further inquiry was made. At the dispositional hearing, there was no inquiry at all as to counsel. A juvenile defendant must be advised of his right to counsel, and if he chooses to waive counsel, the court must query the defendant to determine if the waiver was freely and intelligently made. Rule 8.165(b)(2), Fla. R. Juv. P. Only after a thorough inquiry has been made as required by the rule, may a plea be taken. J.O. v. State, 717 So.2d 185 (Fla. 5th DCA 1998). Counsel is required at each stage of the proceeding. Rule 8.165(a), Fla. R. Juv. P.
The state contends that the issue has not been preserved for appeal because appellant never moved the trial court to withdraw the plea, but failure to comply with Rule 8.165 is fundamental error. J.O., supra; J.R.V. v. State, 715 So.2d 1135 (Fla. 5th DCA 1998).
REVERSED.
W. SHARP and PETERSON, JJ., concur.

ON MOTION FOR REHEARING
ORFINGER, M., Senior Judge.
In its corrected motion for rehearing the state says it did not argue lack of preservation for appeal, but rather argued that this court lacked jurisdiction[1] to consider the appeal because appellant had failed to file a motion in the trial court to withdraw his plea, and cites L.L. v. State, 429 So.2d 347 (Fla. 5th DCA 1983), as authority for the proposition that jurisdiction here requires that a motion to withdraw the plea be filed and denied before appellate jurisdiction can be obtained.
L.L. applied section 924.06(3),[2] Florida Statutes and Florida Rule of Appellate *519 Procedure 9.140(b)(1) to juvenile cases, but it appears to have been implicitly overruled by State v. T.M.B., 716 So.2d 269 (Fla.1998), which held that section 924.051(4) does not apply to juvenile appeals. Section 924.051(4) and section 924.06(3) are virtually identical, as is Florida Appellate Rule 9.140(b)(1) in its application here. It thus appears that the statutes and rules dealing with appeals from guilty or nolo pleas in criminal cases do not apply to similar appeals in juvenile delinquency cases. Appeals in juvenile delinquency cases are governed by the original Chapter 39 of the Florida Statutes, now transferred to Chapter 985, and by Florida Rules of Appellate Procedure 9.145. Robinson v. State, 373 So.2d 898 (Fla.1979) and Walker v. State, 565 So.2d 873 (Fla. 4th DCA 1990), also cited by the state, are criminal cases and do not apply to juvenile appeals.
REHEARING DENIED.
W. SHARP, and PETERSON, JJ., concur.
NOTES
[1] Preserving an issue for appeal confers subject matter jurisdiction on the appellate court. Any distinction between the two is semantical. The terms are often used interchangeably. See, e.g., White v. State, 661 So.2d 40 (Fla. 2d DCA 1995).
[2] Section 924.06(3) states: A defendant who pleads guilty with no express reservation of the right to appeal a legally dispositive issue, or a defendant who pleads nolo contendere with no express reservation of the right to appeal a legally dispositive issue, shall have no right to a direct appeal.