GREEN, Judge.
Appellant, S.S., timely presents several points on appeal, one of which requires reversal and, therefore, relieves us of the necessity of considering the remaining points.
S.S. was charged with battery and appeared for arraignment. The trial judge failed to advise him concerning his right to counsel for representation at arraignment before she accepted a plea of guilty to the charge. The judge did advise S.S. he had a right to counsel in the event he went to trial, and the judge accepted a form signed by S.S. and his mother wherein it was asserted, under oath, that S.S. was entitled to “the right to an attorney, and the right to have an attorney appointed if I cannot afford one[.]” The form itself is insufficient to overcome the arraignment deficiency and does not, in any event, abrogate the responsibility of the trial judge under Florida Rule of Juvenile Procedure 8.165. See A.D. v. State, 740 So.2d 565 (Fla. 5th DGA 1999), and A.P. v. State, 740 So.2d 1241 (Fla. 5th DCA 1999).
Counsel was eventually appointed for trial on the issue of whether S.S. was a street gang member pursuant to section 874.04, Florida Statutes (Supp.1996). However, this statute has since been held unconstitutional. See State v. O.C., 24 Fla. L. Weekly S425, — So.2d -, 1999 WL 731661 (Fla.1999). The trial judge’s failure to adequately advise S.S. concerning his right to appointment of counsel at the critical stage of arraignment constitutes fundamental error. See J.O. v. State, 717 So.2d 185 (Fla. 5th DCA 1998).
Reversed and remanded for further proceedings.
PATTERSON, C.J., and THREADGILL, J., Concur.