GROSS, J.
On October 29, 1998 appellant P.L.S., a minor, was adjudicated delinquent of nine counts of burglary, six counts of petit theft, and three counts of grand theft. He was committed to a level four program, to be followed by community control, including 100 hours of community service. On appeal, P.L.S. contends that the trial court failed to conduct an inquiry regarding his waiver of counsel that complies with the requirements of the Florida Rules of Juvenile Procedure. We agree and reverse.
On October 1, 1998, P.L.S. was arraigned on nine cases. The trial court noted that P.L.S. had signed a written waiver of counsel form. When the court asked appellant why he did not wish to be represented by an attorney, appellant answered, “I plead guilty.” The following exchange then occurred:
THE COURT: You’re going to plead guilty to all of these charges?
APPELLANT: Yes.
THE COURT: Even if you intend to plead guilty to all of these charges do you understand that you have the right to an attorney?
APPELLANT: Yes.
THE COURT: And if your family cannot afford to hire a lawyer for you I can appoint the Public Defender. Do you understand that?
APPELLANT: Yes sir.
THE COURT: Are you fourteen years old?
APPELLANT: Yes sir.
THE COURT: All right. With that understanding do you still wish to give up your right to an attorney and represent yourself—
APPELLANT: Yes sir.
THE COURT: — in all these charges?
APPELLANT: Yes sir.
THE COURT: Do you agree with that decision, ma'am?
APPELLANT’S MOTHER: Yes sir.
The trial court then found that P.L.S. voluntarily waived his right to an attorney and asked him to enter a plea under oath.
THE COURT: You told me you want to enter pleas of guilty to various charges of -burglary and petit theft in one, two, some are also grand theft, three, four, five, six, seven, eight, nine cases, is that correct?
APPELLANT: Yes.
THE COURT: Do you understand that by entering these pleas of guilty that you’re giving up your right to a trial on these charges?
APPELLANT: Yes.
[[Image here]]
THE COURT: And do you understand that as a result of these pleas of guilty that a penalty will be imposed which could include a requirement that you be sent away from home for a while? That is a possibility. Do you understand that?
APPELLANT: Yes sir.
The court found that there was a factual basis for each of the charges and that P.L.S. freely and voluntarily entered pleas of guilty to each.
On the same day as the arraignment and pleas, P.L.S. and his mother signed a written waiver of counsel, stating that both were informed of appellant’s right to remain silent and to be represented by counsel. The form further stated that the *557 mother joined in her son’s waiver of his rights.
On October 29, 1998, appellant was before the court for disposition of the October 1 cases and for arraignment on a new charge. Again, appellant stated that he did not want a court appointed attorney, and indicated that he wanted to represent himself and plead guilty. The trial court conducted an inquiry similar to the one set forth above.
Florida Rule of Juvenile Procedure 8.165(a) requires a trial court to “advise the child of the child’s right to counsel. The court shall appoint counsel as provided by law unless waived by the child at each stage of the proceeding.” Rule 8.165(b) specifies the type of detailed inquiry that is required even where a juvenile indicates a desire to plead guilty without the assistance of a lawyer:
(1) The failure of a child to request appointment of counsel at a particular stage in the proceedings or the child’s announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any subsequent stage of the proceedings.
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child’s comprehension of that offer and the capacity to make that choice intelligently and understanding^ has been made.
(3) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(4) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.
As the state concedes, the trial court’s inquiry was not sufficient to satisfy the dictates of Rule 8.165(b). The extent of the court’s inquiry into appellant’s waiver of counsel, beyond asking whether he was aware of his right to a lawyer free of charge, was to ask appellant his age. This was not the “thorough inquiry” contemplated by Rule 8.165(b)(2). See A.M. v. State, 723 So.2d 383 (Fla. 2d DCA 1998); J.R.V. v. State, 715 So.2d 1135, 1139 (Fla. 5th DCA 1998); N.R.L. v. State, 684 So.2d 299, 300 (Fla. 5th DCA 1996); In the Interest of D.L.A., 667 So.2d 330, 331 (Fla. 1st DCA 1995). The court’s questioning of appellant was not sufficient to determine whether appellant’s waiver of counsel was made knowingly and intelligently in consideration of his age, education, experience, mental condition, and the nature and complexity of the case.
Rule 8.165(b) is consistent with case law that predates its enactment. The Rule’s requirement of a detailed inquiry recognizes that “ ‘[i]t is extremely doubtful that any child of limited experience can possibly comprehend the importance of counsel.’ ” G.L.D. v. State, 442 So.2d 401, 404 (Fla. 2d DCA 1983) (quoting R.V.P. v. State, 395 So.2d 291, 292 (Fla. 5th DCA 1981)). Information contained in the predisposition report further called into question appellant’s ability to competently make the decision to waive his right to a lawyer. The report indicated that appellant (1) had significant behavioral problems including “attention deficit hyperactivity disorder”; (2) was prescribed Depakote and Zoloft; and (3) had been hospitalized.
Failure to comply with Rule 8.165 is fundamental error. See J.O. v. State, 717 So.2d 185 (Fla. 5th DCA 1998). Appellant’s delinquency adjudication and commitment are reversed, and the case is remanded back to the trial court for an arraignment on all charges.
STONE, J., and JULIAN, JOYCE A., Associate Judge, concur.