800 So.2d 204 (2001)
STATE of Florida, Petitioner,
v.
T.G., a child, Respondent.
No. SC96081.
Supreme Court of Florida.
October 25, 2001.
*205 Robert A. Butterworth, Attorney General, and Belle B. Schumann, David H. Foxman, and Kellie A. Nielan, Assistant Attorneys General, Daytona Beach, FL, for Petitioner.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Respondent.
QUINCE, J.
We have for review T.G. v. State, 741 So.2d 517 (Fla. 5th DCA 1999), which expressly and directly conflicts with the decisions in J.M.B. v. State, 750 So.2d 654 (Fla. 2d DCA 1999), J.S. v. State, 658 So.2d 638 (Fla. 2d DCA 1995), and J.L. v. State, 650 So.2d 219 (Fla. 3d DCA 1995). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we approve the Fifth District's decision in T.G., but disapprove in part the court's reasoning, and remand this case to the trial court for further proceedings consistent with this opinion.
*206 T.G., a juvenile, pled no contest to felony charges and violation of community control. Thereafter, the trial court entered an adjudication of delinquency and order of disposition. T.G. was without counsel at both the plea and disposition hearings. At the plea hearing, the trial court asked T.G. if he wished to have an attorney appointed for him; he replied in the negative, and no further inquiry was made. At the disposition hearing, the trial court made no inquiry as to whether T.G. desired counsel. As a result of these hearings, the trial court imposed the level eight commitment recommended by the Department of Juvenile Justice.
Although T.G. was not represented in the trial court, he requested and received counsel for his direct appeal. On appeal, the Fifth District concluded that the trial court should have advised T.G. of his right to counsel and inquired whether his waiver of that right was freely and intelligently made. Accordingly, the court reversed the adjudication of delinquency and disposition due to the court's noncompliance with Florida Rule of Juvenile Procedure 8.165. On motion for rehearing, the State contended that the appellate court lacked jurisdiction to consider the appeal because T.G. never moved the trial court to withdraw the plea. In its opinion denying rehearing, the Fifth District concluded that L.L. v. State, 429 So.2d 347 (Fla. 5th DCA 1983), had been implicitly overruled by State v. T.M.B., 716 So.2d 269 (Fla. 1998), thereby indicating that statutes and rules addressing appeals from guilty or nolo pleas in criminal cases did not apply to similar appeals in juvenile delinquency cases. The court further noted that Robinson v. State, 373 So.2d 898 (Fla.1979), and Walker v. State, 565 So.2d 873 (Fla. 4th DCA 1990), did not apply to juvenile appeals. The State sought review, and this Court subsequently accepted jurisdiction based on conflict with J.M.B., J.S., and J.L., which held that a juvenile's failure to preserve error with a motion to withdraw plea precludes appellate review of the plea.
Several cases, statutes, and court rules address the requirement of filing a motion to withdraw plea as a prerequisite to obtaining appellate review of the plea. In Robinson, this Court upheld the constitutionality of section 924.06(3), Florida Statutes (1977), which limited defendants' right of appeal from a guilty plea to matters occurring contemporaneously with the plea. See 373 So.2d at 900-02. Although we noted that contemporaneous matters including the voluntary and intelligent character of the pleaare proper subjects of appeal, we held that defendants must attack the validity of guilty pleas in the trial court before challenging the plea on direct appeal. See id. at 902. Indeed, we stated:
Furthermore, we find that an appeal from a guilty plea should never be a substitute for a motion to withdraw a plea. If the record raises issues concerning the voluntary or intelligent character of the plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea. If the action of the trial court on such motion were adverse to the defendant, it would be subject to review on direct appeal.... To adopt the view asserted by the appellant in this case would in effect eliminate both the necessity for a defendant to move for a withdrawal of his plea and the obligation to show a manifest injustice or prejudice as grounds for such a plea withdrawal after sentence.
Robinson, 373 So.2d at 902-03. Section 924.06(3), at issue in Robinson, currently provides that a defendant who pleads guilty or nolo contendere without reserving *207 the right to appeal a legally dispositive issue has no right to appeal. See § 924.06(3), Fla. Stat. (1999). Section 924.051(4), Florida Statutes (1999), prohibits the right to appeal a judgment or sentence under the same circumstances. Indeed, this Court has recognized that:
Section 924.051(b)(4) is directed to the same end but is worded slightly differently. Insofar as it says that a defendant who pleads nolo contendere or guilty without expressly reserving the right to appeal a legally dispositive issue cannot appeal the judgment, we believe that the principle of Robinson controls. A defendant must have the right to appeal that limited class of issues described in Robinson.

See Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1105 (Fla.1996). We incorporated the holding in Robinson into Florida Rule of Appellate Procedure 9.140(b)(2)(B)(iii), which requires defendants to file a motion to withdraw plea before challenging the voluntariness of a plea. See Jones v. State, 708 So.2d 337 (Fla. 4th DCA 1998) (noting that rule 9.140(b)(2)(B) adopts the holding of Robinson). Rule 9.140 is applicable to juvenile delinquency appeals [1] by operation of Florida Rule of Appellate Procedure 9.145(a).
The Fifth District applied Robinson to juvenile appeals in L.L. v. State, 429 So.2d 347 (Fla. 5th DCA 1983). In that case, the juvenile pled guilty, and on appeal, attacked the State's failure to serve a summons and delinquency petition and the validity of his written waiver of counsel. See id. The court recognized that both section 924.06(3) and rule 9.140 limit appeals in criminal cases from judgments entered upon pleas of guilty. See id. As a result, the court concluded that Robinson, which held that a motion to withdraw plea is a prerequisite to a direct appeal challenging the voluntariness of the plea, applied to the juvenile proceeding and, therefore, dismissed the appeal. See id. In the instant case, the Fifth District held that L.L. had been implicitly overruled in T.M.B., in light of the similarity between section 924.06(3), section 924.051(4), and rule 9.140. In T.M.B., the juveniles failed to preserve their claims for appellate review, as required by section 924.051(4). See 716 So.2d at 269. This Court, noting the differences between juvenile and adult criminal law, held that section 924.051(4) did not apply to juvenile delinquency proceedings. See id. at 269-71. In so doing, we adopted the lower court's rationale:
[T]he juvenile delinquency system is different from the adult criminal system. Among other differences is the fact that, in the juvenile delinquency system rehabilitation is the principal focus, while in the adult criminal system punishment is the principal focus. In addition, established principles of statutory construction *208 militate against the conclusion that the legislature intended that section 924.051 apply to juvenile delinquency proceedings.
Section 924.051 was added by the legislature to chapter 924.... Appeals in juvenile delinquency proceedings are addressed in section 39.069, Florida Statutes.... Section 39.069 appears to have been intended by the legislature to deal exhaustively with the subject of appeals in juvenile delinquency proceedings.
Id. at 270 (quoting J.M.J. v. State, 742 So.2d 261 (Fla. 1st DCA 1997)) (citations omitted). Thus, we held that chapter 39 governed juvenile appeals.
However, in a dissenting opinion, in which Justice Pariente concurred, Justice Wells noted that the rules of appellate and juvenile procedure require juvenile defendants to preserve error in the same manner as the Criminal Appeals Reform Act of 1996. See T.M.B., 716 So.2d at 271(Wells, J., dissenting). Justice Wells outlined the statutes and rules pertaining to juvenile appeals: section 985.234(1), Florida Statutes, provides that appeals in delinquency proceedings may be taken pursuant to the rules of appellate procedure; Florida Rule of Appellate Procedure 9.145 provides that rule 9.140 applies to juvenile appeals; and rule 9.140 requires defendants contesting the voluntariness of a plea to preserve error by a motion to withdraw plea before obtaining appellate review. See id. at 271-72. As a result, Justice Wells concluded that "the same limits on the appeals in criminal cases in which a defendant pleads guilty or nolo contendere apply with equal force to delinquency proceedings in which a juvenile pleads guilty or nolo contendere." Id. at 272. Justice Wells' conclusion is buttressed by Florida Rule of Juvenile Procedure 8.080(b)(4), which directs trial courts to inform juveniles pleading guilty or nolo contendere that, without express reservation of the right to appeal, the right to appeal is relinquished. See id. Further, the dissenters in T.M.B. concluded that public policy concerns, such as delay and unnecessary use of the appellate process resulting from a failure to cure error at an early stage in the proceedings, apply with equal force to juvenile cases. See id. The Second District in J.M.B., one of the alleged conflict cases decided subsequent to T.M.B., employed a similar rationale in concluding that juveniles cannot challenge the voluntariness of their pleas on direct appeal without first moving to withdraw the plea. See J.M.B., 750 So.2d at 654-55.
In 1999, the Legislature revisited this issue when it amended section 985.234, Florida Statutes (1997). Section 985.234 currently provides that juvenile appeals shall be handled "in the manner prescribed by s. 924.051 and the Florida Rules of Appellate Procedure." § 985.234(1), Fla. Stat. (1999). The former version only provided that appeals should be taken pursuant to the appellate rules. See § 985.234(1), Fla. Stat. (1997). Indeed, T.M.B. was based, in part, on our recognition that section 39.069, Florida Statutes (1985) (presently section 985.234), which referenced only the rules of appellate procedure, exhaustively governed juvenile appeals. The Legislature, however, subsequently included an explicit incorporation of the standards enunciated in section 924.051.[2] Thus, it is clear that because of this legislative change, T.M.B. has limited viability. The parties, however, do not *209 address the effect of the amended statute but rather contest the proper application of T.M.B. to the present case. This case was decided in the trial and district courts prior to the revisions to section 985.234.
The State contends that the Fifth District's interpretation of T.M.B. is overly broad. According to the State, the critical issue in T.M.B. was whether juvenile defendants must preserve alleged dispositive errors for appeal, not whether juveniles may appeal the validity of a plea without first moving to withdraw the plea in the trial court.[3] Thus, T.M.B. did not address the applicability of Robinson to juvenile delinquency appeals. T.G., however, contends that rule 8.165, which protects juveniles' constitutional right to counsel, was violated. Further, T.G. emphasizes that the conflict cases do not address the right to counsel issue.
In the decision below, the Fifth District extended T.M.B.'s holding to juvenile appeals from alleged involuntary pleas. Admittedly, the similarity of the statutes and rules provides credible support for this interpretation. However, as the State correctly observes, the statute at issue in T.M.B. did not apply to errors occurring contemporaneously with the plea but rather involved the preservation of alleged dispositive errors. Indeed, Robinson distinguishes these errors, noting that section 924.06(3) did not apply to errors which occurred contemporaneous with the plea. Moreover, the same construction is true of section 924.051(4). See Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1105 (Fla.1996). As such, T.M.B. did not explicitly address the treatment of the contemporaneous errors in juvenile cases. More specifically, T.M.B. did not address the preservation requirement for challenging an involuntary plea. Furthermore, courts have consistently applied the rule in Robinson to juvenile cases both before and after the enactment of section 924.051(4). Indeed, the conflict cases, which were decided during this time period, all hold that juveniles must file a motion to withdraw plea before challenging the voluntariness of a plea on appeal. See J.M.B., 750 So.2d at 654-55; J.S., 658 So.2d at 639; J.L., 650 So.2d at 220. Consequently, T.M.B. should not be interpreted as eliminating the preservation requirement for involuntary pleas in juvenile cases. Indeed, in light of amended section 985.234, which effectively negates the holding in T.M.B., there is no reasonable basis for precluding the application of Robinson to juvenile cases.
As Justice Wells pointed out in T.M.B., public policy concerns also militate in favor of requiring preservation of error *210 under these circumstances. As we noted in Castor v. State, 365 So.2d 701, 703 (Fla. 1978):
The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
Similarly, in J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998), we noted that the rule "prohibits counsel from attempting to gain a tactical advantage by allowing unknown errors to go undetected and then seeking a second trial if the first decision is adverse to the client." Furthermore, without a timely filing of a motion to withdraw plea, "there would be no record relating to the claim and there would be no ruling or decision to review in appellate court." Rhodes v. State, 704 So.2d 1080, 1082 (Fla. 1st DCA 1997); see also Duhart v. State, 548 So.2d 302, 303 (Fla. 5th DCA 1989) (noting that the preservation requirement "more precisely frames the issue, arguments, and factual record and thereby facilitates appellate review"). Thus, we hold that Robinson continues to apply to juvenile proceedings and, therefore, juveniles pleading guilty or nolo contendere may directly appeal an involuntary plea only if it is preserved by a motion to withdraw plea in the trial court.
Notwithstanding the foregoing discussion, we note that fundamental error occurred in the present case because T.G. was denied his right to counsel.[4] It is well settled that juveniles are entitled to assistance of counsel in delinquency proceedings. J.G.S. v. State, 435 So.2d 942, 943 (Fla. 2d DCA 1983) (citing In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)). The statutory protection of this right is incorporated into Florida Rule of Juvenile Procedure 8.165.[5] In short, rule 8.165 provides that counsel is required at each stage of the proceedings, a juvenile defendant must be advised of his right to counsel, and if he chooses to waive counsel, the court must conduct a thorough inquiry to determine if the waiver was freely and *211 intelligently made. See M.A.F. v. State, 742 So.2d 534, 535 (Fla. 2d DCA 1999). The "requirement of a detailed inquiry recognizes that `[i]t is extremely doubtful that any child of limited experience can possibly comprehend the importance of counsel.'" P.L.S. v. State, 745 So.2d 555, 557 (Fla. 4th DCA 1999) (quoting G.L.D. v. State, 442 So.2d 401, 404 (Fla. 2d DCA 1983)). Although the inquiry for juveniles must be at least equal to that accorded adults, courts should be even more careful when accepting a waiver of counsel from juveniles. See K.M. v. State, 448 So.2d 1124, 1125 (Fla. 2d DCA 1984).
The State, however, contends that what occurred in the present case was not denial of the right to counsel, but merely noncompliance with a procedural rule. It contends that T.G. never indicated that he wanted an attorney or that he would have requested one had a more thorough inquiry been conducted. Moreover, the State points out that T.G. requested and received counsel on direct appeal, demonstrating that he was capable of exercising that right.
Contrary to the State's assertions, the trial court's violation of rule 8.165 resulted in the denial of the right to counsel. Rule 8.165 is not merely procedural in nature, but contains guidelines to ensure that the substantive right to counsel is protected. In the present case, the trial court not only made a mere technical error by failing to obtain a written waiver, see Johnson v. State, 660 So.2d 637, 643 (Fla.1995), but it also failed to renew the offer of counsel and conduct a thorough inquiry to ensure that the waiver was knowingly and intelligently made. Indeed, the court's perfunctory reference to the waiver of counsel during the plea colloquy, and its complete failure to offer counsel at the dispositional hearing, was woefully inadequate. That T.G. failed to request counsel at the earlier proceedings and later exercised his right to counsel on appeal does not relieve the court of its duty to comply with rule 8.165. Further, courts have consistently reversed adjudications of delinquency for failure to comply with rule 8.165. See J.A.S. v. State, 746 So.2d 1225, 1226 (Fla. 4th DCA 1999); P.L.S., 745 So.2d at 557; S.S. v. State, 744 So.2d 600, 601 (Fla. 2d DCA 1999); M.A.F., 742 So.2d at 535; A.G. v. State, 737 So.2d 1244, 1247 (Fla. 5th DCA 1999). Therefore, for the reasons expressed below, the trial court's failure in this case to renew the offer of counsel and conduct a thorough inquiry constituted fundamental error.
In order to raise an error on appeal, a contemporaneous objection generally must be made at the trial court level. See J.B., 705 So.2d at 1378. Only if the error is "fundamental" can the defendant raise the error on appeal in the absence of a contemporaneous objection. See id. This Court has defined fundamental error in the trial context as error that "goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process." Id., cited in Maddox v. State, 760 So.2d 89, 95-96 (Fla.2000). In the context of guilty or nolo pleas, however, we have stated unequivocally that any attack on the voluntary or intelligent character of the plea must be raised first in the trial court through a motion to withdraw the plea.
[W]e find that an appeal from a guilty plea should never be a substitute for a motion to withdraw a plea. If the record raises issues concerning the voluntary or intelligent character of the plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea.
Robinson, 373 So.2d at 902. We reaffirmed this principle most recently in Leonard *212 v. State, 760 So.2d 114, 119 n. 13 (Fla.2000) (citing State v. Thompson, 735 So.2d 482, 485 (Fla.1999)).
Thus, under Robinson, if a juvenile who is represented by counsel claims that his or her plea is involuntary because of an inadequate plea colloquy, it is appropriate to first require the juvenile to file a motion to withdraw the plea. The Second District followed this procedure in J.M.B. v. State, 750 So.2d 654 (Fla. 2d DCA 1999). In contrast, appellate courts have concluded that the trial court's failure to comply with rule 8.165, which contemplates a thorough inquiry into a juvenile's waiver of the right to counsel, constitutes "fundamental" error. See, e.g., B.P. v. State, 759 So.2d 741, 741 (Fla. 5th DCA 2000); J.A.S., 746 So.2d at 1226; P.L.S., 745 So.2d at 557; S.S., 744 So.2d at 601; M.A.F., 742 So.2d at 535; A.P. v. State, 740 So.2d 1241, 1241 (Fla. 5th DCA 1999); J.O. v. State, 717 So.2d 185, 186 (Fla. 5th DCA 1998).[6] Because these courts find a failure to comply with rule 8.165 constitutes "fundamental" error, they would allow a juvenile to challenge the voluntariness of a plea without requiring that the juvenile first withdraw the plea in those circumstances where the trial court failed to make the requisite detailed inquiry into the juvenile's waiver of counsel.
We conclude that the policy underlying Robinson that requires a motion to withdraw the plea to be filed before challenging the validity of the plea is not served where a juvenile enters into a guilty plea without the benefit of counsel and the juvenile has not knowingly and intelligently waived the right to counsel. We cannot overemphasize the principle articulated by the Fourth District in P.L.S. that the waiver of counsel inquiry is especially significant in juvenile cases because children may not fully comprehend the importance of counsel or the consequences of waiving the right to counsel. See P.L.S., 745 So.2d at 557. Further, without a detailed inquiry as required by rule 8.165, it cannot be ascertained whether the waiver of counsel was made "knowingly and intelligently in consideration of his age, education, experience, mental condition, and the nature and complexity of the case." Id.
Although some cases without explanation call the error in failing to comply with rule 8.165 "fundamental," the Fifth District reasoned in J.R.V. v. State, 715 So.2d 1135, 1139 (Fla. 5th DCA 1998), that because the juvenile has a constitutional right to assistance of counsel in delinquency proceedings, the denial of that right constitutes fundamental error. While not all errors of constitutional magnitude constitute fundamental error, see Maddox, 760 So.2d at 100 (citing Judge v. State, 596 So.2d 73, 79 n. 3 (Fla. 2d DCA 1991) (en banc)), the Fifth District's reasoning in *213 J.R.V. comports with the United States Supreme Court's decision in In re Gault, 387 U.S. 1, 41, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), in which the Court held that accused juvenile offenders were constitutionally entitled to the assistance of counsel in delinquency proceedings.
Because of this unique concern for juveniles who enter pleas without the benefit of counsel, we find that it is appropriate to recognize a narrowly drawn and extremely limited exception to Robinson. "Fundamental error" occurs in instances when juveniles enter uncounseled pleas where the trial court failed to comply with the requirements of rule 8.165. In these circumstances if the waiver of counsel is invalid as a matter of law, it follows that the guilty plea entered without advice of counsel should also be deemed involuntary as a matter of law. Thus, if it appears from the face of the record that the trial court did not comply with the specific procedures of rule 8.165, including conducting a "thorough inquiry into the child's comprehension of that offer [of the assistance of counsel] and the capacity to make that choice intelligently and understandingly," any subsequent plea should be deemed involuntary as a matter of law and the appellate court would have the authority to reverse absent a motion to withdraw or a contemporaneous objection.
We again emphasize that in all other cases involving a challenge to the voluntariness of the plea, including those cases where the appellate court cannot determine the voluntariness of the waiver from the face of the record, the procedure of Robinson should be followed. Further, in the event the juvenile fails to raise the issue on appeal and it becomes necessary to attack the plea collaterally, it is important that rules 3.800 and 3.850 be amended to apply to juveniles in order to avoid the necessity of the juvenile having to later challenge the voluntariness of a plea by petition for writ of habeas corpus. See J.M.B., 750 So.2d at 655.
Accordingly, we approve J.M.B., J.S., and J.L., and disapprove the Fifth District's opinion to the extent it holds that Robinson does not apply to juvenile appeals. However, we approve the ultimate result because the denial of counsel constituted fundamental error. Thus, we remand this case to the trial court so that it can properly advise T.G. of his right to assistance of counsel, ensure by a thorough inquiry that any waiver is free and intelligent, and allow T.G. to enter a new plea if appropriate.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.140(b)(2) provides:

(b) Appeals by Defendant....
(2) Guilty or Nolo Contendere Pleas.
(A) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(i) Reservation of Right to Appeal. A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
(ii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
a. the lower tribunal's lack of subject matter jurisdiction;
b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
c. an involuntary plea, if preserved by a motion to withdraw plea;
d. a sentencing error, if preserved; or
e. as otherwise provided by law.
Fla. R.App. P. 9.140(b)(2).
[2] In light of the recent amendment, there appears to be some ambiguity as to whether Florida Rule of Criminal Procedure 3.800(b), which provides a mechanism for preserving sentencing errors, now applies in juvenile proceedings. We therefore request the Juvenile Court Rules Committee to consider whether rule 3.800(b) should apply to juvenile cases, or whether a companion rule for juvenile proceedings should be created.
[3] We note that the State characterizes its argument as jurisdictional, contending that the Fifth District lacked jurisdiction to hear the appeal. This Court recently addressed whether sections 924.051(3) and (4) posed a jurisdictional bar to appellate review following the entry of a plea of guilty or nolo contendere. See State v. Jefferson, 758 So.2d 661 (Fla. 2000); Leonard v. State, 760 So.2d 114 (Fla. 2000). In Jefferson, we noted that the Legislature could not constitutionally limit the appellate court's subject matter jurisdiction to hear criminal appeals and, therefore, construing section 924.051(3) as a jurisdictional bar would render the statute unconstitutional. See Jefferson, 758 So.2d at 664-66. Consequently, we held that the statute was merely a procedural bar. See id. Similarly, in Leonard, we noted that section 924.051(4) was intended to codify Robinson and concluded that it constituted a procedural, not jurisdictional, bar. See Leonard, 760 So.2d at 116-18. Accordingly, we held that courts should summarily affirm convictions or sentences when claims have not been preserved properly. See id. Although these cases do not involve juveniles, our interpretation of Robinson and construction of constitutional restrictions on limiting appellate review are equally applicable in the juvenile context. Thus, in the present case, we review the State's argument as procedural, not jurisdictional.
[4] Although this issue was not the basis of conflict jurisdiction, once the Court grants jurisdiction, it may, in its discretion, address other issues properly raised and argued before the Court. See Savoie v. State, 422 So.2d 308, 310 (Fla.1982).
[5] Rule 8.165 provides:

(a) Duty of court. The court shall advise the child of the child's right to counsel. The court shall appoint counsel as provided by law unless waived by the child at each stage of the proceeding. This waiver shall be in writing if made at the time of a plea of guilty or no contest or at the adjudicatory hearing.
(b) Waiver of counsel.
(1) The failure of a child to request appointment of counsel at a particular stage in the proceedings or the child's announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any subsequent stage of the proceedings.
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child's comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(4) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.
Fla. R. Juv. P. 8.165.
[6] More recently, however, the Fourth District in J.A. v. State, 758 So.2d 1276 (Fla. 4th DCA 2000), dismissed an appeal without receding from, referencing, or distinguishing its earlier decisions in J.A.S. or P.L.S. because the juvenile did not first move to withdraw the plea where the allegation was that the trial court did not make the required thorough inquiry into whether the juvenile voluntarily and intelligently waived his right to counsel before accepting the plea. J.A. cited to the Second District's decision in J.M.B., 750 So.2d at 654, which held that a juvenile cannot challenge the voluntariness of a plea under rule 8.165 on direct appeal without first withdrawing the plea. The decision in J.M.B., however, apparently did not involve the waiver of counsel and the application of rule 8.165, but instead involved the issue of whether there was a proper waiver of conflict-free counsel and separately whether the plea was voluntary under Rule of Juvenile Procedure 8.060. Id. In two decisions after J.M.B., the Second District held that failure to comply with rule 8.165 did constitute fundamental error and reversed on direct appeal. See S.S., 744 So.2d at 601; M.A.F., 742 So.2d at 535.