PER CURIAM.
Appellant challenges the trial court’s order revoking his probation where he entered a plea without the assistance of counsel. Appellant claims the trial court failed to determine whether he knowingly and intelligently waived his right to counsel, and failed to conduct a thorough inquiry into the voluntariness of his waiver of counsel. We agree with Appellant, and therefore reverse the trial court’s order revoking his probation and remand the case for further proceedings consistent with this opinion.
Rule 8.165, Florida Rules of Juvenile Procedure, provides that counsel is required at each stage of a juvenile proceeding; a juvenile defendant must be advised of his right to counsel; and if the juvenile defendant chooses to waive counsel, the trial court must conduct a thorough inquiry to determine whether the waiver was freely and intelligently made. State v. T.G., 800 So.2d 204, 210-11 (Fla.2001). Waiver of counsel can occur only after the child has had a meaningful opportunity to confer with counsel regarding the child’s right to counsel, the consequences of waiving counsel, and any other factors that would assist the child in making the decision to waive counsel. A knowing and intelligent waiver of the right to counsel in a delinquency proceeding requires the court to (1) inform the juvenile of the benefits he or she would relinquish and the danger and disadvantages of self-representation; (2) determine whether the juvenile’s choice was made voluntarily and intelligently; and (3) determine whether any unusual circumstances existed which would preclude the juvenile from exercising the right of self-representation. C.K. v. State, 909 So.2d 602, 604 (Fla. 2d DCA 2005); D.C.W. v. State, 775 So.2d 363, 364 (Fla. 2d DCA 2000); B.F. v. State, 747 So.2d 1061, 1065 (Fla. 5th DCA 2000).
In the instant case, Appellant declined the assistance of counsel and pled guilty to having violated the terms of his probation. The record is devoid of any discussion regarding whether Appellant had an op *291 portunity, and whether that opportunity was meaningful, to confer with an attorney regarding his right to counsel, as required by rule 8.165(a). Furthermore, the trial court failed to inquire about the child’s comprehension of the offer of counsel, his capacity in making the choice of whether to waive counsel, or about the existence of any unusual circumstances which would preclude the juvenile from exercising the right of self-representation. In an apparent attempt to assuage the trial court’s error in failing to make the proper inquiries, the State argued that at the hearing, the trial court had the benefit of knowing that Appellant was one month away from his eighteenth birthday and that the child had previous contact with the judicial system. This knowledge did not alleviate the tidal court’s duty to make the proper inquiries into the intelligence and voluntariness of Appellant’s waiver.
The State further argued that Appellant and his mother had signed a written waiver of rights form. Rule 8.165(b)(3), requires a written waiver of counsel to be “submitted to the court in the presence of a parent, legal custodian, responsible adult relative, or attorney assigned by the court to assist the child, who shall verify on the written waiver that the child’s decision to waive counsel has been discussed with the child and appears to be knowing and voluntary.” Here, it appears Appellant’s parent or legal guardian signed the form indicating she agreed with the child’s waiver of his right to an attorney. However, she did not state, nor did the form stipulate, that she or anyone else discussed with Appellant the decision to waive his right to counsel or that Appellant made a knowing and voluntary decision to waive that right. In addition, although someone present at the revocation hearing orally indicated he had reviewed the form with Appellant, this person was never identified by name, position, relationship or otherwise. This unidentified person cannot be said to have been a parent, legal custodian, responsible adult relative, or attorney assigned by the court to assist the child, as required by the rule. In any event, the trial court had an obligation to ensure the child intelligently and voluntarily waived his right to counsel, which the trial court failed to do. S.S. v. State, 744 So.2d 600 (Fla. 2d DCA 1999) (holding that mother’s signing of waiver form did not excuse the trial court’s failure to advise the juvenile of his right to counsel).
Because the trial court failed to make the proper inquiries in determining that Appellant’s waiver of counsel was knowing and voluntary, we reverse the order revoking Appellant’s probation and remand to the trial court for a new plea hearing after either appointing counsel for Appellant or obtaining a waiver of counsel after conducting a thorough inquiry in accordance with rule 8.165.
REVERSED AND REMANDED.
KAHN, DAVIS, and CLARK, JJ., concur.