NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

R.M.,                                                  )
                                                       )
            Appellant,                                 )
                                                       )
v.                                                     )            Case No. 2D17-4409
                                                       )
STATE OF FLORIDA,                                      )
                                                       )
            Appellee.                                  )
_____)

Opinion filed November 28, 2018.

Appeal from the Circuit Court for Sarasota
County; Rochelle T. Curley and Charles E.
Williams, Judges.

Howard L. Dimmig, II, Public Defender,
and Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Donna S. Koch,
Assistant Attorney General, Tampa, for
Appellee.


BADALAMENTI, Judge.


            R.M. appeals an adjudication of delinquency and an order of commitment

to the Department of Juvenile Justice for violations of the terms of his probation.  We

reverse because the record does not establish a proper waiver of the juvenile's right to

counsel.

As background, R.M. was placed on a term of probation after the trial court withheld adjudication for the offenses of burglary of an unoccupied conveyance and petit theft. Thereafter, the State filed several affidavits of violation of probation alleging that R.M. violated his probation by repeatedly absconding from supervision. The case proceeded to a plea hearing where R.M. was unaccompanied by a parent, guardian, or an adult relative. At the hearing, R.M. informed the trial court that he wanted to waive his right to counsel and admit to the violations. After briefly inquiring into R.M.'s desire to waive his right to counsel and conducting a plea colloquy, the trial court accepted his waiver of counsel, found that he was "freely and voluntarily" admitting to the violations, and set a date for R.M.'s disposition hearing. R.M.'s written waiver of counsel and plea forms were submitted to the trial court at that hearing.

R.M. was unaccompanied by counsel at his subsequent disposition hearing. The trial court accepted the State's disposition recommendation, adjudicated him delinquent, and committed him to the Department of Juvenile Justice for placement in a nonsecure residential program. On appeal, R.M. argues that the trial court fundamentally erred by failing to make a proper inquiry into his waiver of counsel as required by Florida Rule of Juvenile Procedure 8.165.

Florida Rule of Juvenile Procedure 8.165(a) requires the court to "appoint counsel as provided by law unless waived by the child at each stage of the proceeding." Subsection (b)(2) explains that "[a] child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a <u>thorough inquiry into the child's comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made</u>." (Emphasis added.)

- 2 -

Subsection (b)(3) further requires that "[t]he assigned attorney <u>shall verify on the written waiver and on the record that the child's decision to waive counsel has been discussed with the child</u> and appears to be knowing and voluntary."  (Emphasis added.)  In summary, to determine whether a juvenile is knowingly and intelligently waiving his right to counsel, the trial court must:

> (1) inform the juvenile of the benefits he would relinquish and the danger and disadvantages of representing himself, (2) determine whether the juvenile's choice [to waive the assistance of counsel] was made voluntarily and intelligently, and (3) determine whether any unusual circumstances existed which would preclude the juvenile from exercising his right to represent himself.

C.K. v. State, 909 So. 2d 602, 604 (Fla. 2d DCA 2005) (alteration in original) (quoting D.C.W. v. State, 775 So. 2d 363, 364 (Fla. 2d DCA 2000)); accord L.D.S.J. v. State, 14 So. 3d 289, 290 (Fla. 1st DCA 2009).

Our supreme court has explained that "[r]ule 8.165 is not merely procedural in nature, but contains guidelines to ensure that the substantive right to counsel is protected."  State v. T.G., 800 So. 2d 204, 211 (Fla. 2001).  "[T]he waiver of counsel inquiry is especially significant in juvenile cases because children may not fully comprehend the importance of counsel or the consequences of waiving the right to counsel."  Id. at 212 (citing P.L.S. v. State, 745 So. 2d 555, 557 (Fla. 4th DCA 1999)).  Thus, a trial court's failure to conduct a thorough inquiry into a juvenile's waiver of counsel constitutes fundamental error.  Id. at 213.

Here, the trial court attempted to comply with rule 8.165 by informing R.M. of selected ways in which an attorney could assist him at an adjudicatory hearing.  For example, the trial court advised R.M. that an attorney could "advise him on whether or

- 3 -

not [R.M.] should contest the charges," "help [R.M.] get [his] case ready for trial or for a hearing if [R.M.] wanted one," "get [R.M.'s] witnesses to court," and "advise [R.M.] on what direction [R.M.] should take in [his] case."

Critically, though, the "record is devoid of any discussion regarding whether [R.M.] had an opportunity, and whether that opportunity was meaningful, to confer with an attorney regarding his right to counsel, as required by rule 8.165(a)." L.D.S.J., 14 So. 3d at 290–91 (concluding that trial court failed to ensure that juvenile knowingly and intelligently waived his right to counsel where there was no indication that the juvenile discussed his decision with a parent, guardian, or attorney).  Even more, the trial court failed to inquire about R.M.'s comprehension of the trial court's offer of counsel, his capacity in making the choice of whether to waive counsel, or the existence of any unusual circumstances which would preclude the juvenile from exercising the right of self-representation.  See Fla. R. Juv. P. 8.165(b)(2), (b)(4); L.D.S.J., 14 So. 3d at 291.  Further compounding the error, it is undisputed that no "parent, legal custodian, [or] responsible adult relative" was present when the written waiver of counsel was submitted to the trial court at the change of plea hearing.  Fla. R. Juv. P. 8.165(b)(3).  And there is no record evidence that an attorney assigned by the court to assist the child "verif[ied] . . . on the record that [R.M.'s] decision to waive counsel ha[d] been discussed with [R.M.] and appear[ed] to be knowing and voluntary," as required by rule 8.165(b)(3).[1]  See L.D.S.J., 14 So. 3d at 291.  Accordingly, we

_____

[1]Although the transcript indicates that an assistant public defender was present in the courtroom during R.M.'s plea hearing, there is no indication in the record that this was the attorney assigned by the court to assist R.M.  It would contravene the plain and ordinary language of rule 8.165(b)(3) to assume that the mere presence of any attorney who happened to be in a courtroom when a trial court submitted a child's

conclude that the trial court committed fundamental error by failing to make the necessary inquiries set forth in rule 8.165 and ultimately finding that R.M. had knowingly and voluntarily waived his right to counsel. See id.; see also C.K., 909 So. 2d at 604 ("The trial court's failure to comply with rule 8.165 . . . constituted fundamental error.").

Because R.M.'s waiver of counsel was invalid as a matter of law, his plea admitting to the violations of his probation entered without advice of counsel is also deemed involuntary as a matter of law. See C.K., 909 So. 2d at 604 (citing T.G., 800 So. 2d at 213).[2] Therefore, we reverse the order of delinquency and remand to the trial court "so that it can properly advise [R.M.] of his right to assistance of counsel, ensure by a thorough inquiry that any waiver is free and intelligent, and allow [R.M.] to enter a new plea if appropriate." T.G., 800 So. 2d at 213; see also C.K., 909 So. 2d at 604 ("Therefore, we reverse the order of delinquency and remand for a new adjudicatory hearing at which C.K. shall be permitted to enter a new plea following a proper colloquy and offer of counsel.").

As noted in J.M.B. v State, 800 So. 2d 317, 319 (Fla. 2d DCA 2001), our court continues to "recognize that the juvenile court judge must contend with an

_____

waiver of counsel form also "discussed with the child" his or her decision to waive counsel. And it would be absurd to extend that assumption to also include that this attorney found the child's waiver of counsel to be "knowing and voluntary." Fla. R. Juv. P. 8.165(b)(3); see also L.D.S.J., 14 So. 3d at 291 (explaining that an unidentified individual's oral indication at a revocation hearing that he had reviewed the waiver of counsel form with appellant did not relieve the trial court of the obligation to ensure that the child intelligently and voluntarily waived his right to counsel). It is also noteworthy that the transcript indicates that R.M. was proceeding pro se.

[2]Because R.M.'s plea is invalid, we need not address R.M.'s remaining argument that the court committed fundamental error at his disposition hearing by failing to renew his offer of counsel.

unusually heavy docket, and was dealing, in this case, with a juvenile who was no stranger to the ways of the juvenile justice system."  Ultimately, as we concluded in J.M.B., "due process must be provided."  Id.

Reversed and remanded.


KHOUZAM and SALARIO, JJ., Concur.