CASANUEVA, Judge.
J.M.B. appeals an adjudication of delinquency and an order of commitment to the Department of Juvenile Justice for the offenses of trespass and giving false identification to a law enforcement officer. We reverse because the record does not establish a proper waiver of the juvenile’s right to counsel.
Following the filing of the two-count petition, J.M.B. appeared for arraignment unaccompanied by a parent, guardian, or counsel. He told the trial judge that he was not represented by an attorney and did not want one. There was no further discussion on the matter. Later in the proceeding, a person identified in the record as an “unknown female voice” stated: ‘We’ll enter a not guilty plea for him at this point.” The case was then set for trial.
At his next visit to the court, and apparently after the trial judge had concluded with him, J.M.B. asked to come before the judge again in order to change his plea to guilty. The judge advised him at this time that by entering a plea there would be no trial, that he had a right to a trial, and that he had the right to an attorney to represent him at that trial. J.M.B. adhered to his desire to plead guilty, and the trial judge accepted the plea. J.M.B. then signed a written waiver of counsel form. He was still unaccompanied by a parent or guardian.
At his third court appearance, the trial judge expressed disagreement with the department’s sentencing recommendation, clearly preferring a more restrictive level of commitment for this juvenile with a lengthy record of probation violations. When the trial judge ordered the case restaffed, she offered J.M.B. the services of an appointed attorney. J.M.B. accepted the offer. At his ultimate appearance before the judge, for final disposition, J.M.B. was present with his appointed assistant public defender. With a minimum of discussion, the trial judge adjudicated J.M.B. delinquent gnd committed him to a level 8 facility.
The record shows that the trial judge failed to follow two important rulés of juvenile procedure. Florida Rule of Juvenile Procedure 8.080 requires that the judge determine that a child’s plea is knowingly and voluntarily entered. To facilitate this determination, subsection (b) of this rule mandates, at a minimum, an inquiry into seven areas. The trial judge’s inquiry of J.M.B. did not comply with this rule in several respects. The judge did not inform him of the possible dispositions available to the court, Fla. R. Juv. P. 8.080(b)(1), and did not advise him that he was entitled to be represented by an attorney at every stage of the proceedings — not just at a trial. Fla. R. Juv. P. 8.080(b)(2). The trial judge also omitted any inquiry into the rights outlined in subsections (b)(3), (b)(4), and (b)(6) of this rule.
Florida Rule of Juvenile Procedure 8.165(b)(2) states that a child “shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child’s comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made.” Here, because the inquiry under rule 8.080 was incomplete, there was no effective waiver of counsel under rule 8.165. Under similar circumstances this court has reversed an adjudication of delinquency. G.E.F. v. State, 782 So.2d 951 (Fla. 2d DCA 2001). Moreover, the trial judge failed to renew the offer of counsel at each stage of the proceedings, in violation of rule 8.165(a). B.I. v. State, 492 So.2d 824 (Fla. 2d DCA 1986); see also In Interest of J.C.S., 560 So.2d 426 (Fla. 4th DCA 1990). The failure to comply *319 with rule 8.165 is fundamental error. M.A.F. v. State, 742 So.2d 534 (Fla. 2d DCA 1999).
We recognize that the juvenile court judge must contend with an unusually heavy docket, and was dealing, in this case, with a juvenile who was no stranger to the ways of the juvenile justice system. However, due process must be provided.
Reversed and remanded.
PARKER, A.C.J., and STRINGER, J., Concur.