WHATLEY, Judge.
M.M.K. challenges his adjudication of delinquency and disposition for battery on a school official. We find merit only in M.M.K.’s argument that the trial court erred in failing to offer him the assistance of counsel at his disposition hearing. The State concedes error.
Florida Rule of Juvenile Procedure 8.165(b)(4) provides that if a child waives his right to counsel at any stage of the proceedings, the trial court should renew the offer of assistance of counsel at each subsequent stage of the proceedings. See J.M.B. v. State, 800 So.2d 317 (Fla. 2d DCA 2001) (holding that the failure to comply with rule 8.165 is fundamental error); B.I. v. State, 492 So.2d 824 (Fla. 2d DCA 1986) (concluding that trial court erred in failing to renew the offer of counsel at the adjudicatory hearing); In re J.C.S., 560 So.2d 426 (Fla. 4th DCA 1990) (holding that trial court erred in failing to advise child of his right to counsel at sentencing). Here, the trial court advised M.M.K. of his right to counsel at the arraignment hearing, during which M.M.K. waived his right to counsel and entered a no contest plea. However, at the disposition hearing held a couple of months thereafter, the trial court did not renew the offer of assistance of counsel to M.M.K.
Accordingly, we affirm M.M.K’s adjudication of delinquency, but we reverse the cause for a new disposition hearing.
Affirmed in part; reversed in part.
KELLY, J., and DANAHY, PAUL W., Senior Judge.