FULMER, Judge.
T.H. was adjudicated delinquent for grand theft auto, fleeing to elude, and possession of cocaine and committed to a high-risk residential program. On appeal, T.H. first challenges the grand theft adjudication, arguing that the State failed to *505 prove that the car which was stolen from the victim was the same car in which T.H. was found. We conclude that the testimony was sufficient to meet the State’s burden of proof and affirm the grand theft auto count without further discussion. T.H. also asserts that the trial court erred in failing to follow the procedural rules for offering him counsel before the disposition hearing. Because we agree with this argument, we reverse the disposition and remand for further proceedings.
Although T.H. had been represented by the public defender’s office for his adjudicatory hearing, he was unrepresented at the disposition hearing, and no offer of counsel was made by the trial court. When this mistake was caught by the court clerk, T.H. was brought back before the trial judge six days after the disposition hearing to be offered counsel, which he refused at that time.
Fundamental error occurs when a trial court fails to comply with Florida Rule of Juvenile Procedure 8.165, which governs the appointment and waiver of counsel in juvenile delinquency proceedings. See M.M.K. v. State, 821 So.2d 415 (Fla. 2d DCA 2002); J.M.B. v. State, 800 So.2d 317 (Fla. 2d DCA 2001). We conclude that the proceeding which occurred after the disposition hearing did not cure the error. Accordingly, we reverse the disposition and remand for the trial court to conduct a new disposition hearing after first providing T.H. the opportunity to be represented by court-appointed counsel.
Affirmed in part, reversed in part, and remanded.
SALCINES and STRINGER, JJ., Concur.