909 So.2d 602 (2005)
C.K., Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4366.
District Court of Appeal of Florida, Second District.
September 7, 2005.
*603 James Marion Moorman, Public Defender, and Robert D. Rosen, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
C.K. appeals his adjudication of delinquency and disposition for possession of marijuana and obstructing or resisting an officer without violence. Because the trial court did not comply with the requirements regarding a juvenile's waiver of counsel, we reverse and remand for further proceedings.
At C.K.'s adjudication hearing, the trial court asked C.K. if he had an attorney. C.K. answered no, and the trial court asked if he intended to obtain one. C.K. answered no, and the trial court asked, "Do you understand that if you could not afford to hire an attorney, I would appoint one to represent you?" C.K. answered yes, and the trial court again asked if C.K. would like an attorney, and C.K. answered no. C.K.'s mother indicated that she agreed with C.K.'s decision. C.K. then admitted committing the delinquent acts. At the disposition hearing a month later, the trial court, without renewing the offer of counsel, adjudicated C.K. delinquent and ordered that he attend a high risk residential commitment program on both offenses, followed by conditional release.
On appeal, C.K. claims that the trial court erred in failing to conduct a proper plea hearing as required by Florida Rule of Juvenile Procedure 8.080. Rule 8.080 sets forth requirements for the trial court to follow when determining whether a guilty or no contest plea is knowingly and voluntarily entered and whether there is a factual basis for it. The court must make an inquiry into seven areas. Fla. R. Juv. P. 8.080(b)(1)-(7); J.M.B. v. State, 800 So.2d 317, 318 (Fla. 2d DCA 2001). The record shows that the trial court essentially failed to comply with rule 8.080.[1] However, rule 8.080(f) provides that the trial court's "[f]ailure to follow any of the procedures in this rule shall not render a plea void, absent a showing of prejudice." C.K. does not argue that he was prejudiced by the trial court's failure to comply with the requirements of rule 8.080(b); therefore, he is not entitled to relief on this basis.
C.K. also claims that the trial court failed to make a proper inquiry into his waiver of counsel at the adjudicatory and disposition hearings as required by Florida Rule of Juvenile Procedure 8.165 *604 and that he is entitled to a new adjudicatory hearing. Rule 8.165(a) requires the trial court to "appoint counsel as provided by law unless waived by the child at each stage of the proceeding" and that the "waiver shall be in writing." Subsection (b)(2) provides that "[a] child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child's comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made." (Emphasis added.) Subsection (b)(3) provides that the written waiver be submitted to the court in the presence of a parent or responsible adult, who shall verify that the waiver was knowing and voluntary. Subsection (b)(5) also requires that "[i]f a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel." In order to determine that the juvenile has knowingly and intelligently waived his right to counsel, the trial court must:
(1) inform the juvenile of the benefits he would relinquish and the danger and disadvantages of representing himself, (2) determine whether the juvenile's choice [to waive the assistance of counsel] was made voluntarily and intelligently, and (3) determine whether any unusual circumstances existed which would preclude the juvenile from exercising his right to represent himself.
D.C.W. v. State, 775 So.2d 363, 364 (Fla. 2d DCA 2000). "[I]f the waiver of counsel is invalid as a matter of law, it follows that the guilty plea entered without advice of counsel should also be deemed involuntary as a matter of law." State v. T.G., 800 So.2d 204, 213 (Fla.2001).
Even though the trial court advised C.K. of his right to have counsel appointed at the adjudicatory hearing, the trial court failed to make a "thorough inquiry" into C.K.'s comprehension of the offer and C.K.'s capacity to make an intelligent and understanding choice regarding counsel. See Fla. R. Juv. P. 8.165(b)(2); T.G., 800 So.2d at 211. In addition, the trial court failed to obtain the waiver in writing and have C.K.'s mother verify on the written waiver that C.K.'s decision was discussed and appeared to be knowing and voluntary. See Fla. R. Juv. P. 8.165(a), (b)(3). Furthermore, the trial court failed to renew the offer of counsel to C.K. at the disposition hearing. See Fla. R. Juv. P. 8.165(b)(5).
The trial court's failure to comply with rule 8.165 at the adjudicatory hearing and again at the disposition hearing constituted fundamental error. T.G., 800 So.2d at 213; J.M.B., 800 So.2d at 318-19. Therefore, we reverse the order of delinquency and remand for a new adjudicatory hearing at which C.K. shall be permitted to enter a new plea following a proper colloquy and offer of counsel.
Reversed and remanded.
STRINGER and WALLACE, JJ., Concur.
NOTES
[1] The trial court failed to inquire into six of the seven areas outlined in rule 8.080. Fla. R. Juv. P. 8.080(b)(1), (3)-(7). The trial court partially complied with subsection (b)(2) by advising C.K. that he had the right to appointed counsel at the adjudicatory hearing, but the trial court failed to determine that C.K. understood that he had "the right to be represented by an attorney at every stage of the proceedings."