915 So.2d 664 (2005)
C.V., Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4301.
District Court of Appeal of Florida, Second District.
October 12, 2005.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
*665 Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
C.V. appeals an adjudication of delinquency and disposition following his admission to the delinquent acts of grand theft and obstructing or resisting an officer without violence. Because the record does not reflect that C.V. knowingly and voluntarily waived his right to counsel or knowingly and voluntarily entered his plea admitting to the charges, we reverse and remand for further proceedings.
Section 985.203, Florida Statutes (2004), recognizes a juvenile's right to legal counsel during all stages of delinquency proceedings, and Florida Rule of Juvenile Procedure 8.165 sets forth procedures regarding the appointment and waiver of counsel. If a juvenile chooses to waive his right to counsel, "the court must conduct a thorough inquiry to determine if the waiver was freely and intelligently made." State v. T.G., 800 So.2d 204, 210-11 (Fla. 2001). "Although the inquiry for juveniles must be at least equal to that accorded adults, courts should be even more careful when accepting a waiver of counsel from juveniles." Id. at 211. When a juvenile elects to proceed without counsel, a trial court is "obligated to (1) inform [the juvenile] of the benefits he would relinquish and the dangers and disadvantages of representing himself, (2) determine whether [the juvenile's] choice was made voluntarily and intelligently, and (3) determine whether any unusual circumstances existed which would preclude [the juvenile] from exercising his right to represent himself." G.L.D. v. State, 442 So.2d 401, 404 (Fla. 2d DCA 1983); see also F.K.H. v. State, 841 So.2d 645 (Fla. 2d DCA 2003).
At the time of C.V.'s arraignment, the trial court accepted C.V.'s oral waiver of counsel and admission to the charges. However, the court did not inform C.V. of the benefits he would relinquish, did not warn him of the danger and disadvantages of representing himself, did not make any inquiry as to whether C.V.'s choice to proceed without counsel was voluntarily and knowingly made, and did not determine whether any circumstances existed that would preclude C.V. from representing himself. Further, the court did not obtain a written waiver of counsel or, at the disposition hearing, renew the offer of counsel. See Fla. R. Juv. P 8.165(a), (b)(3), (b)(5). Finally, the trial court did not determine that C.V.'s plea was knowingly and voluntarily entered in accordance with the requirements of Florida Rule of Juvenile Procedure 8.080. The failure to make a complete inquiry under rule 8.080 renders a juvenile's waiver of counsel ineffective. See J.M.B. v. State, 800 So.2d 317, 318 (Fla. 2d DCA 2001) ("[B]ecause the inquiry under rule 8.080 was incomplete, there was no effective waiver of counsel under rule 8.165.").
Because the trial court failed to make the requisite inquiries and determinations in order to establish that C.V. knowingly and voluntarily waived his right to counsel and knowingly and voluntarily entered his plea, we reverse the adjudication and disposition and remand for further proceedings.
Reversed and remanded.
NORTHCUTT and STRINGER, JJ., Concur.