CANADY, Judge.
G.T. appeals his adjudication of delinquency for possession of cannabis, possession of drug paraphernalia, escape, resisting or obstructing an officer with violence, and trespass. G.T. contends that the trial court committed fundamental error by accepting his waiver of counsel without conducting the thorough inquiry required by Florida Rule of Juvenile Procedure 8.165. Because we agree that the trial court fundamentally erred in failing to conduct a thorough inquiry concerning G.T.’s comprehension of the offer of counsel, we reverse and remand for further proceedings.
During arraignment, the trial court first advised G.T. and other juveniles in a group setting of their right to an attorney and the potential consequences of entering a guilty plea. The trial court then addressed G.T. individually. The court recited the charges to G.T. and asked if he understood each charge. G.T. responded that he did understand; he then indicated his desire to enter guilty pleas to. the charges. The trial court then advised G.T. of the consequences of the entry of a guilty plea.
In the plea colloquy, the only inquiry made by the court concerning the right to counsel was an inquiry regarding whether *902 G.T. understood “that by entering your plea without a lawyer you’re giving up your right to. a lawyer for the purpose of making your plea.” G.T. answered “yes” to that inquiry. In response to inquiries by the trial court, G.T. also testified that he was a fifteen-year-old ninth grade student, that he was not under the influence of drugs or alcohol, and that he had never been treated or hospitalized for mental illness. The trial court stated that it found that G.T.’s “pleas are freely, voluntarily, and intelligently made after waiving counsel.” After inquiring of G.T.’s father regarding the pleas, the court further stated a finding that “the pleas are made with the advice and consent of his father.” A written waiver of counsel was signed-by both G.T. and his father.
During the disposition hearing, the trial court again informed G.T. of his right to counsel. When asked if he understood, G.T. once again said that he did. A second written waiver was obtained, signed by both G.T. and his father. The trial court adjudicated G.T. delinquent on all counts and committed G.T. to the Department of Juvenile Justice for placement in a moderate risk residential program.
Florida Rule of Juvenile Procedure 8.165(b)(2) provides “[a] child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child’s comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made.” (Emphasis added.) “[T]he waiver of counsel'inquiry is especially significant in juvenile cases because children may not fully comprehend the importance of counsel or the consequences of waiving the right to counsel.” State v. T.G., 800 So.2d 204, 212 (Fla.2001). “[Wjithout a detailed inquiry as required by rule 8.165, it cannot be ascertained whether the waiver of counsel was made ‘knowingly and intelligently in consideration of [the juvenile’s] age, education, experience, mental condition, and the nature and complexity of the case.’ ” Id. (quoting P.L.S. v. State, 745 So.2d 555, 557 (Fla. 4th DCA 1999)). “ ‘Fundamental error’ occurs in instances when juveniles enter uncounseled pleas where the trial court failed to comply with the requirements of rule 8.165.” Id. at 213.
In this case, although the trial court informed G.T. of his right to counsel, it failed to make a thorough inquiry into G.T.’s comprehension of the offer of counsel as required by rule 8.165(b)(2). See C.K. v. State, 909 So.2d 602, 604 (Fla. 2d DCA 2005); see also H.A.G. v. State, 922 So.2d 411 (Fla. 2d DCA 2006). Merely informing a juvenile of the role of counsel and asking the juvenile if he understands that he is giving up his right to counsel does not constitute the “thorough inquiry” concerning the juvenile’s comprehension of the offer of counsel that is mandated by rule 8.165(b)(2). Such a “perfunctory reference to the waiver of counsel during the plea colloquy” is not sufficient to determine that the juvenile understood the significance of the offer of counsel and of the decision to waive counsel. T.G., 800 So.2d at 211.
We therefore reverse the adjudication of delinquency and “remand this case to the trial court so that it can properly advise [G.T.] of his right to assistance of counsel, ensure by a thorough inquiry that any waiver is free and intelligent, and allow [G.T.] to enter a new plea if appropriate.” Id. at 213.
Reversed and remanded.
DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, Concur.