62 So.3d 695 (2011)
A.S., Appellant,
v.
STATE of Florida, Appellee.
No. 2D09-5118.
District Court of Appeal of Florida, Second District.
June 10, 2011.
*696 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
A.S. appeals the revocation of her probation and her commitment to a moderate risk residential facility. Her underlying offenses were trespass on school grounds and third-degree felony battery. See §§ 810.097, 784.03(2), Fla. Stat. (2008). Because the trial court did not comply fully with the requirements of Florida Rule of Juvenile Procedure 8.165 regarding waiver of counsel, we reverse and remand for further proceedings.
At A.S.'s plea hearing, the State advised the trial court that A.S. wanted to admit to the violations. The trial court asked A.S. whether she wanted to admit or speak to a lawyer. A.S. said that she wanted to admit. The trial court conducted a plea colloquy, withheld adjudication, and set a disposition date. At a subsequent hearing, A.S. told the trial court that she wanted an attorney. At the disposition hearing, counsel represented A.S., who did not seek to withdraw the plea.
Rule 8.165 provides, in pertinent part, as follows:

*697 (a) Duty of the Court. The court shall advise the child of the child's right to counsel. The court shall appoint counsel as provided by law unless waived by the child at each stage of the proceeding. Waiver of counsel can occur only after the child has had a meaningful opportunity to confer with counsel regarding the child's right to counsel, the consequences of waiving counsel, and any other factors that would assist the child in making the decision to waive counsel. This waiver shall be in writing.
(b) Waiver of Counsel.
(1) The failure of a child to request appointment of counsel at a particular stage in the proceedings or the child's announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any subsequent stage of the proceedings.
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child's comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made.
(3) If the child is entering a plea to or being tried on an allegation of committing a delinquent act, the written waiver shall also be submitted to the court in the presence of a parent, legal custodian, responsible adult relative, or attorney assigned by the court to assist the child, who shall verify on the written waiver that the child's decision to waive counsel has been discussed with the child and appears to be knowing and voluntary.
(4) No waiver shall be accepted if it appears that the party is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.
See also § 985.033(1), Fla. Stat. (2007) ("A child shall be represented by legal counsel at all stages of all court proceedings unless the right to counsel is freely, knowingly, and intelligently waived by the child."); C.K. v. State, 909 So.2d 602, 603-04 (Fla. 2d DCA 2005). To determine whether a juvenile's waiver of counsel is knowing and intelligent, the trial court must (1) inform the juvenile of the disadvantages and dangers of self-representation and the benefits she would relinquish, (2) determine whether she is choosing voluntarily and intelligently to waive the assistance of counsel, and (3) determine whether any unusual circumstances preclude the juvenile from exercising her right to represent herself. D.C.W. v. State, 775 So.2d 363, 364 (Fla. 2d DCA 2000); accord C.K., 909 So.2d at 604.
Even though the trial court asked A.S. whether she wanted counsel at the plea hearing, it failed to inquire thoroughly as to whether she understood and had the capacity to intelligently choose to waive counsel. Nor did the trial court obtain the required verified written waiver. Failure to comply with rule 8.165 at the plea hearing constituted fundamental error. See State v. T.G., 800 So.2d 204, 213 (Fla.2001); G.T. v. State, 948 So.2d 900, 902 (Fla. 2d DCA 2007); C.K., 909 So.2d at 604; J.M.B. v. State, 800 So.2d 317, 318-19 (Fla. 2d DCA 2001). "[E]ven absent a motion to withdraw a plea, failure to advise a juvenile of [her] right to counsel in accordance with the rule is reviewable and correctable on appeal." State v. B.P., 810 So.2d 918, 919 (Fla.2002). "[I]f the waiver of counsel is invalid as a matter of law, it follows that the guilty plea entered without advice of counsel should also be deemed involuntary as a matter of law." T.G., 800 So.2d at 213. The State properly concedes that the trial court erred in failing to follow rule 8.165. We reverse and *698 remand for further proceedings consistent with this opinion.
Reversed and remanded.
KHOUZAM and CRENSHAW, JJ., Concur.