WHATLEY, Judge.
C.W. appeals her adjudication of delinquency for the offense of battery on a law enforcement officer. C.W. argues, and the State correctly concedes, that reversal is required because C.W. was never informed of her right to counsel as required by Florida Rule of Juvenile Procedure 8.165.
At C.W.’s arraignment on December 22, 2010, C.W. indicated that she had hired attorney Greg Hagopian. The trial court asked if she was sure that she was going to have him represent her and noted that the attorney had not filed any pleadings. C.W.’s trial was then set for January 13, 2011, less than a month later.
Before the beginning of the trial on January 13, the trial court asked C.W. where her attorney was and she responded, “Pm not sure.” The trial court then questioned C.W.’s father, who stated that Mr. Hagopi-an was not representing his daughter yet because they had not given him any money. The trial court explained that “[tjhere’s a difference between wanting someone to represent you and paying someone to represent you and actually hiring that person and having that person as your lawyer.” The trial court then stated that “today is the trial date.... And we’re going to trial.”
After the trial but prior to sentencing, an attorney was hired to represent C.W. The attorney filed a motion for rehearing, arguing that C.W. did not understand that the trial was going to take place on January 13, she did not have legal representation at the trial, she had neither received discovery nor demanded it, and she did not have her witnesses present for trial. At the hearing on the motion, it was noted that C.W. was seventeen years old, she was a high school student, she had no prior delinquency record, and she had no legal training. The trial court asked for input from the prosecutor, who responded regarding C.W.’s lack of counsel, “If you’re gonna obtain counsel, you’re gonna have it here for your trial because we’re not going to continue the case. All the witnesses are here, ready to go.” The trial court then noted that there was a representation made at arraignment that Mr. Hagopian had been hired. The trial court then noted, “I’m not sure what happened between December 22nd and January 13th with Mr. Hagopian, but that paperwork suggests that you were given the date of January 13th, with the understanding that that was a trial date and you showed up, but without Mr. Hagopian for your lawyer.” The trial court then denied the motion for rehearing, finding that “[C.W.] did indeed have a fair trial.”
Florida Rule of Juvenile Procedure 8.165 provides as follows:
(a) Duty of the Court. The court shall advise the child of the child’s right to counsel. The court shall appoint counsel as provided by law unless waived by the child at each stage of the proceeding. Waiver of counsel can occur only after the child has had a meaningful opportunity to confer with counsel regarding the child’s right to counsel, the conse *516 quences of waiving counsel, and any other factors that would assist the child in making the decision to waive counsel. This waiver shall be in writing.
(b) Waiver of Counsel.
(1) The failure of a child to request appointment of counsel at a particular stage in the proceedings or the child’s announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any subsequent stage of the proceedings.
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child’s comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made.
(3) If the child is entering a plea to or being tried on an allegation of committing a delinquent act, the written waiver shall also be submitted to the court in the presence of a parent, legal custodian, responsible adult relative, or attorney assigned by the court to assist the child, who shall verify on the written waiver that the child’s decision to waive counsel has been discussed with the child and appears to be knowing and voluntary.
(4) No waiver shall be accepted if it appears that the party is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.
It appears that no part of this rule was complied with by the trial court. “[R]ule 8.165 provides that counsel is required at each stage of the proceedings, a juvenile defendant must be advised of his right to counsel, and if he chooses to waive counsel, the court must conduct a thorough inquiry to determine if the waiver was freely and intelligently made.” State v. T.G., 800 So.2d 204, 210-11 (Fla.2001).
In J.M.B. v. State, 800 So.2d 317, 318 (Fla. 2d DCA 2001), this court held that there was no effective waiver of counsel where the trial court’s inquiry under rule 8.080 was incomplete. In the trial court simply informed the appellant that he had the right to have an attorney represent him at trial. This court noted that “[t]he failure to comply with rule 8.165 is fundamental error.” Id. at 318-19. Here, compliance with rule 8.165 was not merely incomplete, it was nonexistent.
Accordingly, we reverse C.W.’s adjudication of delinquency and remand this case for a new trial.
DAVIS and MORRIS, JJ., Concur.