NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

D.A.C.,                                    )
                                           )
            Appellant,                     )
                                           )
v.                                         )            Case No. 2D15-1965
                                           )
STATE OF FLORIDA,                          )
                                           )
            Appellee.                      )
_____)

Opinion filed October 26, 2016.

Appeal from the Circuit Court for Charlotte
County; Paul Alessandroni and John Burns,
Acting Circuit Judges.

Howard L. Dimmig, II, Public Defender,
and Judith Ellis, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea A. Alper,
Assistant Attorney General, Tampa,
for Appellee.

PER CURIAM.

            D.A.C. appeals the orders adjudicating him delinquent in three cases.  The

State appropriately concedes that the trial court abused its discretion by denying

D.A.C.'s motion to withdraw his plea in case number 2015-CJ-34 and that the trial

court's failure to comply with Florida Rule of Juvenile Procedure 8.165 in case numbers

2014-CJ-615 and 2014-CJ-655 constituted fundamental error.  We reverse the

adjudications of delinquency and remand the cases to the trial court so that it can properly advise D.A.C. of his right to the assistance of counsel, ensure by a thorough inquiry that any waiver of counsel is voluntary and intelligent, and allow D.A.C. to enter new pleas if appropriate.

## I. Procedural background

On October 29, 2014, D.A.C., a fourteen-year-old child, was charged with two counts of misdemeanor battery in case number 2014-CJ-615, one against his mother and one against his stepmother. D.A.C. filed an affidavit of indigence on November 17, 2014, and the public defender was appointed to represent him. The public defender filed a notice of appearance on November 24, 2014. During a very short December 15 hearing, the trial court granted the public defender's request for a continuance, and the case was reset for a case management conference on January 12, 2015. The clerk's minutes for the December 15 hearing contain a notation that states: "Did not qualify for P.D. Strike appointment of P.D." The transcript of the hearing does not reflect that this occurred on the record.

In the meantime, on December 18, 2014, D.A.C. was charged with another count of misdemeanor battery against his stepmother in case number 2014-CJ-655. At his January 5, 2015, arraignment, the trial court was presented with a document indicating that D.A.C. wanted to waive his right to an attorney and represent himself. The following occurred:

> THE COURT: Did you read this document?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you go over this document with your mom?

THE DEFENDANT: Yes, sir.

THE COURT: And folks, that's what you want to do, is that right?

UNIDENTIFIED SPEAKER: Yes, sir.

THE COURT: Yes? Okay. All right. So I'll go ahead and indicate that you've—have you been threatened or coerced in any manner not to get an attorney?

THE DEFENDANT: No, sir.

THE COURT: All right. And this is your decision, is that right?

THE DEFENDANT: Yes, sir.

THE COURT: All right. I'll go ahead and indicate that you've freely, knowingly and voluntarily waived your right to an attorney. So you're here for an arraignment on a charge of battery. How do you wish to proceed today?

THE DEFENDANT: No contest.

THE COURT: So you wanted to enter a plea, is that right? Do you have a plea form? Have you executed a plea form?

After the Department of Juvenile Justice (DJJ) informed the trial court that D.A.C. was represented by counsel in another case, the trial court accepted D.A.C.'s no contest plea in case number 2014-CJ-655 and set sentencing for January 12, 2015, at the case management conference scheduled for case number 2014-CJ-615. The trial court then asked the prosecutor to conduct the plea colloquy, and when she finished, the trial court announced: "We will take judicial notice of the court file, accept the plea, find that it's made freely, knowingly and voluntarily."[1] The docket reflects that D.A.C.

---

[1]We note that rule 8.080(c) states that the trial court "shall address the child personally" when conducting the plea colloquy and accepting the child's plea.

- 3 -

and his mother signed a document titled "I choose to represent myself." The document contained a portion designated for an attorney to verify that D.A.C.'s decision was made "after having a meaningful opportunity to confer with an attorney regarding my right to counsel and the consequences of representing myself," and that portion was left blank.

On January 12, 2015, the hearings were reset to January 26, 2015, at D.A.C.'s mother's request. At the January 26, 2015, hearing, D.A.C. was not represented by counsel in either case. The trial court asked: "Do y'all waive his right to—you waived [his] right to an attorney previously, correct?" D.A.C. responded affirmatively, and the trial court informed D.A.C. that if he could not afford an attorney, the court would appoint one. The trial court asked: "Do you wish the services of the court—court appointed attorney or do you want to stand on your waiver of a right to an attorney?" D.A.C. responded that he would represent himself. The prosecutor informed the trial court that D.A.C. was recently charged with another crime and asked the trial court to continue the hearing so that it could "wrap everything up" at once. The trial court continued the hearings to February 24, 2015.

On February 5, 2015, D.A.C. was charged in case number 2015-CJ-34 with criminal use of personal information for using his mother's cell phone to purchase game applications. His arraignment was also set for February 24, 2015.

At the February 24, 2015, hearing, the court asked D.A.C. if he was represented by counsel for case number 2015-CJ-34 and if he knew that he was entitled to the services of the public defender if he could not afford an attorney. Before D.A.C. could respond, the prosecutor told the court that D.A.C. did not previously qualify for a public defender. D.A.C. told the trial court that he did not believe that he qualified

for public defender services but told the trial court that he intended to hire an attorney for this case. Immediately thereafter, the trial court asked for his pleas in case numbers 2014-CJ-615 and 2015-CJ-34. D.A.C. responded no contest. The trial court asked the prosecutor to "inquire with regard to [D.A.C.'s] waiver of rights," and the prosecutor conducted a plea colloquy.

After the trial court and DJJ discussed D.A.C.'s placement options, the public defender spoke as a friend of the court. He pointed out that the mother's interests were adverse to D.A.C.'s because she was a victim in two of the cases, and he asked whether the trial court informed D.A.C. that he would be entitled to the appointment of counsel for this reason and whether D.A.C.'s waiver of counsel was truly free and not influenced by his mother. The court responded: "Yes, I did. It was one of the first things I asked him." The court asked D.A.C. to respond, and D.A.C. replied "I don't know." But after the court explained that it could appoint an attorney to represent him, D.A.C. told the court that he wanted counsel. The court appointed the public defender and ordered a review of all three cases in forty-eight hours.

At the February 26, 2015, review hearing, the public defender pointed out that there were no written plea forms signed for any of the three cases and that the waiver of attorney form in case number 2014-CJ-655 lacked the attorney verification. When the public defender asked whether D.A.C.'s mother attempted to retain an attorney to represent her son, she responded that "as the victim I do not feel that I should have to provide an attorney for his wrongdoings" and that she had previously expressed that opinion to both her son and to the trial court. When the public defender asked the trial court the status of the pleas, the trial court stated that D.A.C. pleaded no

contest in each case and that if the public defender had "a problem with the way the plea was entered," then he could file the appropriate motions and set them for hearing.

The public defender filed a motion to withdraw D.A.C.'s pleas in the three cases, pointing out the following: that D.A.C. was not represented by counsel when he entered his pleas; that D.A.C. did not sign plea forms; that no properly executed waiver of counsel was filed in any of the cases; that D.A.C.'s mother apparently influenced his decision to plead no contest; that D.A.C.'s mother's interests were adverse to D.A.C.'s and she refused to help D.A.C. obtain counsel; and that according to the testimony, D.A.C. has been diagnosed with seven mental health disorders. At the hearing on the motion, D.A.C. argued only to withdraw the plea in case number 2015-CJ-34. The court denied the motion, stating that D.A.C. entered his plea freely, voluntarily and intelligently, was in control of his faculties during all the discussions with the court, and seemed to be very bright. The trial court then committed D.A.C. to the DJJ for placement in a nonsecure commitment program with post-commitment juvenile probation. The court ruled that the placement could be modified by court order if the mother's insurance would pay for inpatient mental health treatment. The court later amended the disposition order by adding: "the motion to withdraw the plea from the Public Defender is denied."

## II. Analysis

Florida Rule of Juvenile Procedure 8.165, titled "Providing Counsel to Parties," states:

> **(a) Duty of court.** The court shall advise the child of the child's right to counsel. The court shall appoint counsel as provided by law unless waived by the child at each stage of the proceeding. Waiver of counsel can occur only after the

child has had a meaningful opportunity to confer with counsel regarding the child's right to counsel, the consequences of waiving counsel, and any other factors that would assist the child in making the decision to waive counsel. This waiver shall be in writing.

**(b) Waiver of counsel.**

(1) The failure of a child to request appointment of counsel at a particular stage in the proceedings or the child's announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any subsequent stage of the proceedings.

(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child's comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made.

(3) If the child is entering a plea to or being tried on an allegation of committing a delinquent act, the written waiver shall also be submitted to the court in the presence of a parent, legal custodian, responsible adult relative, or attorney assigned by the court to assist the child, who shall verify on the written waiver that the child's decision to waive counsel has been discussed with the child and appears to be knowing and voluntary.

 (4) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.

(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.

Fla. R. Juv. P. 8.165 (2015).[2]  "Rule 8.165 is not merely procedural in nature, but contains guidelines to ensure that the substantive right to counsel is protected."  State v. T.G., 800 So. 2d 204, 211 (Fla. 2001).  The detailed inquiry and waiver verified by counsel are required by rule 8.165 to determine whether a waiver of counsel was made "knowingly and intelligently in consideration of [the juvenile's] age, education, experience, mental condition, and the nature and complexity of the case."  Id. at 212 (quoting P.L.S. v. State, 745 So. 2d 555, 557 (Fla. 4th DCA 1999)).  The supreme court explained that

> if it appears from the face of the record that the trial court did not comply with the specific procedures of rule 8.165, including conducting a 'thorough inquiry into the child's comprehension of that offer [of the assistance of counsel] and the capacity to make that choice intelligently and understandingly,' any subsequent plea should be deemed involuntary as a matter of law and the appellate court would have the authority to reverse absent a motion to withdraw or a contemporaneous objection.

Id. at 213 (alteration in original) (quoting Fla. R. Juv. P. 8.165(b)(2)).

### A. Case number 2014-CJ-655

The unverified "I choose to represent myself" form and the trial court's five questions to D.A.C. are inadequate to constitute the "thorough" waiver of counsel required by rule 8.165(b)(2).  See T.G., 800 So. 2d at 211 ("Although the inquiry for juveniles must be at least equal to that accorded adults, courts should be even more

---

[2]Effective January 1, 2016, subdivision (b)(3) ("Waiver of Counsel") was amended to clarify that the attorney assigned by the court to assist a child who is waiving counsel must verify on the written form and on the record that the attorney and the child discussed the child's decision to waive counsel and that the child's decision appears to be knowing and voluntary.  In re Amendments to the Florida Rules of Juvenile Procedure, 175 So. 3d 263, 264 (Fla. 2015).

careful when accepting a waiver of counsel from juveniles."); A.S. v. State, 62 So. 3d 695, 697 (Fla. 2d DCA 2011) (holding fundamental error occurred because the trial court failed to inquire thoroughly whether the juvenile understood her right to counsel and had the capacity to intelligently choose to waive counsel and failed to obtain the required verified written waiver); G.T. v. State, 948 So. 2d 900, 902 (Fla. 2d DCA 2007) (holding fundamental error occurred because "[m]erely informing a juvenile of the role of counsel and asking the juvenile if he understands that he is giving up his right to counsel does not constitute the 'thorough inquiry' concerning the juvenile's comprehension of the offer of counsel that is mandated by rule 8.165(b)(2)").  The trial court's failure to comply with rule 8.165(b)(2) constituted fundamental error, and this court is required to reverse the adjudication of delinquency.[3]

### B. Case number 2014-CJ-615

The record demonstrates that the trial court wholly failed to comply with rule 8.165 on this charge.  It conducted no inquiry; instead it incorrectly asserted that D.A.C. had previously waived his right to counsel in this case.  This was fundamental error that requires this court to reverse the adjudication of delinquency.

### C. Case number 2015-CJ-34

---

[3]We note that if the trial court had conducted the thorough inquiry required by rule 8.165, D.A.C. would have been informed that his mother's financial status and her feeling that she would not "have to provide an attorney for his wrongdoings" do not affect his right to counsel.  Section 985.033(3), Florida Statutes (2015), states that if a child's parent is not indigent but refuses to employ counsel, the trial court "shall order the parents or legal guardian to obtain private counsel."  If a parent willfully fails to comply with the trial court's order, the parent "shall be punished by the court in civil contempt proceedings."  If the parent still refuses to obey the court order, the trial court is authorized to appoint counsel for the child and impose costs of representation.

In this case, D.A.C. asserted his right to counsel, but the trial court immediately accepted his uncounseled no contest plea. D.A.C. moved to withdraw his plea, and the trial court denied the motion, finding D.A.C. entered his plea freely, voluntarily, and intelligently. The record does not support this finding. Rather, it demonstrates that the trial court denied D.A.C. his due process right to counsel. The plea was involuntary for this reason, and the trial court abused its discretion by denying D.A.C.'s motion to withdraw his plea.

## III. Conclusion

The record demonstrates that the trial court failed to comply with the specific procedures of rule 8.165 in case numbers 2014-CJ-615 and 2014-CJ-655 and that D.A.C. did not waive his right to counsel in case number 2015-CJ-34. Accordingly, D.A.C.'s pleas are involuntary as a matter of law. We reverse the adjudications of delinquency and remand the cases to the trial court to properly advise D.A.C. of his right to the assistance of counsel, to ensure by a thorough inquiry that any waiver is voluntary and intelligent, and to allow D.A.C. to enter new pleas if appropriate.

KELLY, CRENSHAW, and MORRIS, JJ., Concur.